SHIE, APPELLANT, *v.* SMITH, WARDEN, APPELLEE.

[Cite as *Shie v. Smith,* 123 Ohio St.3d 89, 2009-Ohio-4079.]

*Appeal from dismissal of a petition for a writ of habeas corpus — Habeas corpus not available to remedy claim concerning sentencing error — Judgment affirmed.*

(No. 2009-0704 — Submitted August 11, 2009 — Decided August 19, 2009.)

APPEAL from the Court of Appeals for Richland County, No. 09 CA 21, 2009-Ohio-1661.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals dismissing the petition of appellant, David Zion Shie, for a writ of habeas corpus.

{¶ 2}   Shie's claim of sentencing error is not cognizable in habeas corpus, and he had an adequate remedy in the ordinary course of law by direct appeal to raise that issue. *State ex rel. Shackleford v. Moore*, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5.  In fact, Shie already unsuccessfully raised the same issue in his direct appeal, see *State v. Shie*, Cuyahoga App. No. 88677, 2007-Ohio-3773, appeal not accepted for review, 116 Ohio St.3d 1440, 2007-Ohio-6518, 877 N.E.2d 991, and res judicata bars him from using habeas corpus to obtain a successive appellate review.  *State ex rel. Mowen v. Mowen*, 119 Ohio St.3d 462, 2008-Ohio-4759, 895 N.E.2d 163, ¶ 17.

{¶ 3}   Moreover, because habeas corpus is appropriate in the criminal context only when the petitioner is entitled to immediate release from prison or some other physical confinement, Shie is not entitled to the writ because he is also incarcerated for a parole revocation on a prior offense that he does not challenge. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 12-13.

**{¶ 4}** Finally, Shie's petition is fatally defective and subject to dismissal because he did not attach copies of all of his pertinent commitment papers. *Knowles v. Voorhies*, 121 Ohio St.3d 271, 2009-Ohio-1109, 903 N.E.2d 637, ¶ 1.

**{¶ 5}** Therefore, the court of appeals properly dismissed Shie's habeas corpus petition. We also deny Shie's motion for oral argument.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

David Zion Shie, pro se.

Richard Cordray, Attorney General, and Samuel Peterson, Assistant Attorney General, for appellee.

_____