[Cite as *Grier v. Bradshaw*, 2011-Ohio-6361.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| WILLIE D. GRIER | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Petitioner-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11CA57 |
| | : | |
| | : | |
| MARGARET A. BRADSHAW, | : | O P I N I O N |
| WARDEN | | |
| | | |
| Respondent-Appellee | | |


CHARACTER OF PROCEEDING:         Civil Appeal from Richland County
                                 Court of Common Pleas Case No.
                                 2011CV203H

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          December 5, 2011

APPEARANCES:

For Petitioner-Appellee                For Respondent-Appellant

WILLIE D. GRIER, Pro se                MIKE DEWINE
Richland Correctional Inst.            Ohio Attorney General
Inst. No. A582.505
P.O. Box 8107                          BY: WILLIAM H. LAMB
Mansfield, Ohio  44901-8107            Assistant Attorney General
                                       441 Vine Street, 1600 Carew Tower
                                       Cincinnati, Ohio  45202

*Edwards, J.*

{¶ 1} Appellant, Willie Grier, appeals from the June 2, 2011, Judgment Entry of the Richland County Court of Common Pleas denying his Petition for Writ of Habeas Corpus. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On or about June 17, 2009, appellant pleaded guilty in Crawford County Case No. 08-CR-0093 to one count of possession of drugs in violation of R.C. 2925.11(C)(4)(c), a felony of the third degree. Appellant was sentenced to two years in prison.

{¶ 3} Appellant appealed his conviction and sentence. In his direct appeal, appellant argued, in relevant part, that the trial court erred in failing to accept the original plea agreement entered into between appellant and the State. Pursuant to an Opinion filed on February 28, 2011 in *State v. Grier*, Crawford App. No. 3-10-09, 2011-Ohio-902, the Third District Court of Appeal affirmed appellant's conviction and sentence.

{¶ 4} On February 11, 2011, appellant, who was incarcerated at Richland Correctional Institution, had filed a Petition for a Writ of Habeas Corpus in the Richland County Court of Common Pleas. Appellant, in his petition, alleged that his confinement was void because while, in his Crawford County case, pursuant to plea negotiations, the parties had agreed to a one year prison sentence, the trial court had sentenced appellant to two years in prison.

{¶ 5} Thereafter, on March 30, 2011, appellee filed a Motion to Dismiss appellant's petition for failure to state a claim upon which relief can be granted pursuant

to Civ.R. 12(B)(6). Appellee, in its motion noted that appellant had "availed himself of the remedy of a direct appeal which affirmed the judgment of the trial court."

{¶ 6} Pursuant to a Judgment Entry filed on June 2, 2011, the trial court denied appellant's writ on the basis of res judicata. The trial court, in its Judgment Entry, noted that appellant alleged in his petition that he was entitled to release from confinement based on the same legal and factual arguments that he made to the Third District Court of Appeals in his direct appeal.

{¶ 7} Appellant now raises the following assignments of error on appeal:

{¶ 8} "I. THE HABEAS CORPUS COURT COMMITTED REVERSIBLE ERROR WHEN IT CONCLUDED THAT GRIER MADE A JURISDICTIONAL CHALLENGE ON APPEALS.

{¶ 9} "II. THE HABEAS CORPUS COURT ABUSED ITS DISCRETION BY INDIRECTLY GRANTING MOTION TO DISMISS."

I, II

{¶ 10} Appellant, in his two assignments of error, argues that the trial court erred in denying his Petition for a Writ of Habeas Corpus. We disagree.

{¶ 11} The Supreme Court has addressed the propriety of a 12(B)(6) motion in a habeas action. "'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.'" *Waites v. Gansheimer,* 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 8, quoting *Chari v. Vore* (2001), 91 Ohio St .3d 323, 327, 744 N.E.2d 763. "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which

habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 609, 653 N.E.2d 659, see also *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 11-12, 2007-Ohio-2454, 866 N.E.2d 1084,1085.

{¶ 12} In the case sub judice, appellant already unsuccessfully raised the same issues in his direct appeal as he raised in his petition. In his direct appeal, which was unsuccessful, appellant argued, in part, that the trial court erred by failing to sentence him in accordance with the binding contract that he executed with appellee. The doctrine of res judicata now bars him from using habeas corpus to obtain a successive appellate review of such issue. See *Shie v. Smith,* 123 Ohio St.3d 89, 2009-Ohio-4079, 914 N.E.2d 369, ¶ 2.

{¶ 13} Accordingly, we find that the trial court properly denied appellant's petition. Appellant's two assignments of error are, therefore, overruled.

{¶ 14} The judgment of the Richland County Court of Appeals is affirmed.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____


_____


_____

JUDGES

JAE/d0822

[Cite as *Grier v. Bradshaw*, 2011-Ohio-6361.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIE D. GRIER | : | |
| | : | |
| Petitioner-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARGARET A. BRADSHAW, | : | |
| WARDEN | : | |
| | : | |
| Respondent-Appellee | : | CASE NO. 11CA57 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES