[Cite as *State ex rel. Knuckles v. Lazaroff*, 2014-Ohio-559.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL.,<br>RODNEY KNUCKLES | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ALAN LAZAROFF | : | Case No. 13CA103 |
| WARDEN OF MANSFIELD | : | |
| CORRECTIONAL INSTITUTION | : | |
| | : | |
| Respondent | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      Dismissed

DATE OF JUDGMENT:      February 10, 2014

APPEARANCES:

For-Petitioner                                    For - Respondent

RODNEY KNUCKLES, A630539                No Appearance
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901

*Baldwin, J.*

{¶1}    Petitioner, Rodney Knuckles, has filed a petition for writ of habeas corpus arguing he is entitled to immediate release from prison because the trial court lacked authority to impose a community control sanction without conducting a presentence investigation.

{¶2}    On October 27, 2010, the Summit County Court of Common Pleas in Case Number CR 10 04 1130 sentenced Petitioner to a term of five years in prison for burglary, however, the prison sentence was suspended on the condition Petitioner complete two years of community control.

{¶3}    Thereafter on July 3, 2012, Petitioner's community control was revoked. The five year prison sentence previously suspended was then imposed.

{¶4}    It appears from the commitment papers attached to the instant petition that Petitioner is also serving two other prison sentences.  First, Petitioner is serving a twelve month prison sentence in Summit County Case Number CR 12 03 0729 for a probation violation based upon a conviction for breaking and entering.  Second, Petitioner is serving a sentence of fifteen years to life for murder in Cuyahoga County Case Number CR-164-134.

{¶5}    Petitioner's sole claim in this case relates to the propriety of his original burglary sentence.  We find Petitioner has or had an adequate remedy at law by way of filing a direct appeal from his initial burglary sentence dated October 27, 2010.  Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. *Adams v. Humphreys* (1986), 27 Ohio St.3d 43, 500 N.E.2d 1373. "Habeas corpus is not a proper remedy for reviewing allegations of sentencing errors when that sentence

was made by a court of proper jurisdiction. R.C. 2725.05; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 596 N.E.2d 1038; *State ex rel. Wynn v. Baker* (1991), 61 Ohio St.3d 464, 575 N.E.2d 208. Direct appeal or post-conviction relief is instead the proper avenue to address such alleged errors in sentencing. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 139, 529 N.E.2d 929." *Id.* at ¶ 4, 529 N.E.2d 929.

{¶6} The Ohio Supreme Court explained, "We have consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus." *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, and cases cited therein.

{¶7} Finally, even assuming arguendo, Petitioner had brought a valid claim as to his burglary sentence, Petitioner remains incarcerated on at least one other valid sentence which has not been challenged. The Supreme Court held, "Moreover, because habeas corpus is appropriate in the criminal context only when the petitioner is entitled to immediate release from prison or some other physical confinement, [the petitioner] is not entitled to the writ because he is also incarcerated for a parole revocation on a prior offense that he does not challenge. *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 12–13." *Shie v. Smith*, 2009-Ohio-4079, 123 Ohio St. 3d 89, 914 N.E.2d 369, 370.

{¶8}     For these reasons, the petition is dismissed for failure to state a claim upon which relief may be granted.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.