[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Bunting,* Slip Opinion No. 2017-Ohio-5697.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5697

THE STATE EX REL. SANDS, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Bunting,* Slip Opinion No. 2017-Ohio-5697.]

*Habeas corpus—Judgment of dismissal affirmed—Alleged defects in indictment and sentencing errors not cognizable in habeas corpus.*

(No. 2016-1056—Submitted May 2, 2017—Decided July 6, 2017.)

APPEAL from the Court of Appeals for Marion County,

No. 9-16-16.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Joseph A. Sands, for a writ of habeas corpus.

{¶ 2} In 2006, Sands was convicted in the Lake County Court of Common Pleas of engaging in a pattern of corrupt activity and conspiracy for his role in plotting to kill several local officials.  He was sentenced to a total of 20 years in

prison. Sands contends that his conviction and sentence for engaging in a pattern of corrupt activity are void because the indictment alleged "only a single incident of corrupt activity, and fail[ed] to set out sufficient allegations to constitute a full and valid * * * charge [for engaging in a pattern of corrupt activity]." Sands argues that the alleged defect in his indictment deprived the trial court of jurisdiction to convict and sentence him for that charge. He claims that he has completed his sentence for the conspiracy charge and that he is therefore entitled to immediate release. The court of appeals granted the motion of appellee, Marion Correctional Institution Warden Jason Bunting, to dismiss the petition.

*Required Affidavit of Prior Actions—R.C. 2969.25(A)*

**{¶ 3}** Sands failed to attach to his petition an affidavit setting forth "a description of each civil action or appeal of a civil action" that he has filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A). Sands's failure to file a complying affidavit warrants dismissal of his petition for a writ of habeas corpus. *Robinson v. LaRose*, 147 Ohio St.3d 473, 2016-Ohio-7647, 67 N.E.3d 765, ¶ 11.

*Sands's claims are not cognizable in habeas corpus*

**{¶ 4}** Even if Sands's habeas claims were properly before us, we would still affirm the court of appeals' judgment dismissing his petition. In his merit brief, Sands raises various challenges to the indictment and to his conviction and sentence for engaging in a pattern of corrupt activity. However, as the court of appeals correctly pointed out, challenges to the validity or sufficiency of an indictment are not cognizable in habeas corpus. " 'Habeas corpus is not available to challenge the validity of a charging instrument.' " *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081, 33 N.E.3d 56, ¶ 5, quoting *McGee v. Sheldon*, 132 Ohio St.3d 89, 2012-Ohio-2217, 969 N.E.2d 262, ¶ 1; *Luna v. Russell*, 70 Ohio St.3d 561, 562, 639 N.E.2d 1168 (1994). Moreover, sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus. *Dunkle v. Dept. of*

*Rehab. & Corr.*, 148 Ohio St.3d 621, 2017-Ohio-551, 71 N.E.3d 1098, ¶ 8; *Shie v. Smith*, 123 Ohio St.3d 89, 2009-Ohio-4079, 914 N.E.2d 369, ¶ 2.

{¶ 5} Accordingly, we affirm the judgment of the court of appeals dismissing Sands's petition for a writ of habeas corpus. Further, we deny Sands's request for oral argument and his motion to strike the appellee's brief.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Michael A. Partlow, for appellant.

Michael DeWine, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

_____