**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Watson*, Slip Opinion No. 2023-Ohio-749.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**Slip Opinion No. 2023-Ohio-749**

THE STATE EX REL. MARTRE, APPELLANT, *v.* WATSON, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Watson*, Slip Opinion No. 2023-Ohio-749.]**

*Habeas corpus—Inmate has adequate remedy in ordinary course of law by way of direct appeal to challenge validity of indictment—Court of appeals' judgment dismissing petition for failure to state cognizable habeas claim affirmed.*

(No. 2022-0756—Submitted January 10, 2023—Decided March 14, 2023.)

APPEAL from the Court of Appeals for Marion County, No. 9-22-10.

_____

**Per Curiam.**

{¶ 1} Appellant, Derrick Martre, an inmate at the North Central Correctional Complex, appeals the Third District Court of Appeals' judgment denying his petition for a writ of habeas corpus against appellee, Warden Tom Watson. After briefing was complete, Martre filed a motion for leave to supplement

his reply brief.  We deny the motion for leave and affirm the judgment of the court of appeals.

## I. Background

{¶ 2} On May 25, 2017, Martre was arrested on a charge of domestic violence.  Upon his arrest, a Toledo Police Department detective seized and searched Martre's cellphone.  Based on photos found on the phone, Martre was indicted on charges of gross sexual imposition, pandering sexually oriented material involving a minor, and illegal use of a minor in nudity-oriented material.

{¶ 3} After pleading no contest, Martre filed a motion to withdraw his plea. The trial court denied the motion and sentenced him to a prison term of 12 years. On appeal, the court of appeals affirmed, concluding that the trial court did not abuse its discretion in denying Martre's motion to withdraw the plea.  *State v. Martre*, 3d Dist. Allen No. 1-18-61, 2019-Ohio-2072, ¶ 25.

{¶ 4} In March 2022, Martre filed a petition for a writ of habeas corpus in the Third District seeking his release from confinement.  He claimed that the trial court had lacked jurisdiction to try him for four offenses allegedly committed in a foreign county and that two of the counts in the indictment "do not charge a criminal offense [and] thus are void."

{¶ 5} The Third District dismissed the petition for failure to state a claim upon which habeas relief could be granted.  The court held that Martre's maximum sentence had not expired and that the allegations in his petition did not challenge the jurisdiction of the sentencing court.  In any event, the court observed, Martre had an adequate remedy in the ordinary course of law because he had the opportunity to raise his claims on direct appeal.

{¶ 6} Martre appealed.  After briefing was complete, he filed an unopposed motion for leave to supplement his reply brief.

## II. Legal analysis

### A. The motion for leave

{¶ 7} Martre's primary argument in this appeal is that the grand jury lacked jurisdiction to indict him. The warden argues that Martre is confusing jurisdiction with venue and that a challenge to venue does not allege a jurisdictional defect and therefore is not a cognizable habeas claim. In his reply brief, Martre disputes the warden's characterization of his claim and seems to argue that the warden has waived his argument.

{¶ 8} Martre's proposed supplement to his reply brief merely expands on the arguments made in his reply brief. His motion for leave does not explain why the filing is necessary or why he could not have included its contents in his reply brief. S.Ct.Prac.R. 16.08 prohibits supplementation of merit briefs except in limited circumstances, none of which Martre has alleged exist in this case. Therefore, we deny Martre's motion for leave.

### B. The merits of the appeal

{¶ 9} To be entitled to a writ of habeas corpus, the petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). As is true for other extraordinary writs, habeas corpus is not available when there is an adequate remedy in the ordinary course of law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. "However, there is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d

149, 151, 656 N.E.2d 1282 (1995). We review the dismissal of a habeas petition de novo. *State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 6.

{¶ **10**} As his first proposition of law, Martre asserts that the Allen County Grand Jury that indicted him lacked jurisdiction to charge him with offenses that he allegedly committed in Lucas County. He argues that "in order for a Court of Common Pleas to obtain jurisdiction over an individual or offense, it must do so by obtaining a valid indictment issued by a Grand Jury of that county, for offenses committed only within that county."

{¶ **11**} But what Martre attempts to cast as a jurisdictional defect is merely a challenge to the validity of the indictment. Alleged defects in an indictment do not deprive a trial court of jurisdiction. *State ex rel. Sands v. Bunting*, 150 Ohio St.3d 325, 2017-Ohio-5697, 81 N.E.3d 459, ¶ 2, 4 (indictment allegedly failed to set forth elements of offense charged). For this reason, challenges to the validity of an indictment are not cognizable in habeas corpus. *See State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. Instead, an inmate has an adequate remedy in the ordinary course of the law by way of direct appeal to challenge the validity of the indictment. *McDougald v. Bowerman*, 161 Ohio St.3d 268, 2020-Ohio-3942, 162 N.E.3d 762, ¶ 9. We therefore reject Martre's first proposition of law.

{¶ **12**} In support of his second proposition of law, Martre argues that the indictment charged him with noncriminal conduct. According to Martre, the indictment charged him with three counts of photographing a child in a state of nudity, without specifying that the photographs were lewd. But here again, Martre's challenge to the indictment is not cognizable in habeas corpus. *Smith v. Jago*, 58 Ohio St.2d 298, 389 N.E.2d 1138 (1979) (affirming dismissal of habeas claim that indictment failed to state essential elements of offense because "[t]he sufficiency of an indictment does not relate to the jurisdiction of the court to try the

person for the crime for which he was convicted"). We therefore reject Martre's second proposition of law.

{¶ 13} As his third proposition of law, Martre contends that the Third District erred by dismissing his petition even though the warden had not filed a Civ.R. 12(B) motion to dismiss or otherwise responded to the petition. But Martre has identified no reason why the Third District could not sua sponte dismiss the petition for failure to state a claim. To the contrary, we have previously endorsed the practice of sua sponte dismissal when warranted. *See Lundeen v. Turner*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, ¶ 11. We therefore reject Martre's third proposition of law.

### III. Conclusion

{¶ 14} Based on the foregoing, we deny Martre's motion for leave to supplement his reply brief and we affirm the judgment of the Third District Court of Appeals dismissing his petition for failure to state a claim upon which relief in habeas corpus could be granted.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Derrick Martre, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____