[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Cheney*, Slip Opinion No. 2023-Ohio-4594.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4594

THE STATE EX REL. MARTRE, APPELLANT, *v.* CHENEY, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Cheney*, Slip Opinion No. 2023-Ohio-4594.]**

*Prohibition—Extraordinary relief in prohibition is not available to attack validity of an indictment—Inmate had adequate remedy in ordinary course of law by appeal to raise any claims of deficiencies in indictment—Court of appeals' judgment granting judge's motion to dismiss for failure to state claim in prohibition affirmed.*

(No. 2023-0919—Submitted November 14, 2023—Decided December 20, 2023.)

APPEAL from the Court of Appeals for Allen County, No. 1-23-05.

_____

**Per Curiam.**

{¶ 1} Appellant, Derrick Martre, appeals the Third District Court of Appeals' dismissal of his amended complaint for a writ of prohibition under Civ.R.

12(B)(6). Martre also moves for default judgment because appellees, Judge David Cheney (or his successor in office) and Judge Jeffrey L. Reed, both of the Allen County Court of Common Pleas, did not file a merit brief in this appeal. We deny Martre's motion and affirm the court of appeals' judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** In May 2017, Martre's then-girlfriend reported to police that Martre had assaulted her in a hotel room in Toledo. She told police that Martre became angry with her after she had seen two videos on Martre's cellphone, each of them showing Martre touching a minor female in a state of nudity. The children in the video were the six- and nine-year-old daughters of Martre's ex-girlfriend, who lived in Lima and with whom Martre had recently been staying. Toledo police ultimately obtained a warrant to search Martre's phone.

**{¶ 3}** In December 2017, an Allen County grand jury indicted Martre on six felony counts: two counts of gross sexual imposition (Counts 1 and 2 of the indictment), two counts of pandering sexually oriented material involving a minor (Counts 3 and 5), and two counts of illegal use of a minor in nudity-oriented material (Counts 2 and 4). The indictment alleged that all the charged offenses occurred in Allen County. Martre pleaded no contest to the indictment. The trial court found Martre guilty of the charged offenses and sentenced him to an aggregate term of 12 years in prison. The court also classified Martre as a Tier II sex offender.

**{¶ 4}** In February 2023, Martre filed a complaint for a writ of prohibition in the Third District Court of Appeals, naming Judge Reed as the respondent. Martre claimed that the Allen County grand jury had lacked jurisdiction to indict him for the offenses charged in Counts 3 through 6 of the indictment because those offenses occurred in Lucas County. In support of this claim, Martre argued that the cellphone-video evidence forming the basis of those charges "was initially located, seized, and searched by the Toledo Police Department within the jurisdiction of Lucas County." Because the grand jury had lacked jurisdiction to indict him on

those counts, Martre contended, the trial court likewise had lacked jurisdiction over them. Martre requested a writ of prohibition ordering that his Tier II sex-offender classification be vacated.

{¶ 5} Judge Reed filed a motion to dismiss. He argued that prohibition could not lie against him, because it was Judge Cheney who had exercised judicial authority in Martre's criminal case. And even if he were the correct respondent, Judge Reed argued, jurisdiction was not lacking, because the indictment expressly alleged that the charged offenses took place in Allen County. Martre filed a memorandum opposing the motion to dismiss. He also filed a motion for leave to file an amended complaint and a proposed amended complaint.

{¶ 6} In his amended complaint, Martre added Judge Cheney "or his successor" as a respondent. Judge Cheney, who is no longer on the bench, was the judge who sentenced Martre in August 2018. The facts alleged in Martre's amended complaint are the same as those alleged in his original complaint. But the amended complaint requests that his convictions on Counts 3 through 6, in addition to his Tier II classification, be vacated.

{¶ 7} Martre also filed a motion for summary judgment and a motion for judicial notice of facts under Evid.R. 201. In his motion for summary judgment, Martre argued that Counts 3 through 6 of the indictment had alleged acts that were committed in Lucas County, thus depriving the Allen County grand jury and trial court of jurisdiction. And in his motion for judicial notice, Martre asked the court of appeals to take judicial notice of, in substance, all facts alleged in the amended complaint and his entitlement to relief in prohibition based on those facts.

{¶ 8} Judge Reed filed a renewed motion to dismiss, which included arguments in opposition to Martre's motions for leave to file an amended complaint, for summary judgment, and for judicial notice. Judge Reed argued that he had not exercised judicial power in Martre's criminal case, because former Judge Cheney was the trial judge in those proceedings. Judge Reed also argued that a

writ of prohibition did not lie against Judge Cheney or his successor, because the indictment alleged that the offenses took place in Allen County and, therefore, the trial court had jurisdiction to convict Martre and find him to be a Tier II sex offender. Finally, Judge Reed argued that Martre's prohibition claim was barred by res judicata because he had raised the same issues in multiple prior cases, including a habeas corpus proceeding in this court. *See State ex rel. Martre v. Watson*, 171 Ohio St.3d 810, 2023-Ohio-749, 220 N.E.3d 806, ¶ 10-11 (rejecting same argument Martre raises in this case). Martre filed a motion to strike Judge Reed's filing as untimely but did not file a memorandum opposing it.

{¶ 9} The court of appeals granted Martre's motion for leave to file an amended complaint, denied Martre's motion to strike, and granted Judge Reed's renewed motion to dismiss. The court dismissed Judge Reed as a respondent because he is not Judge Cheney's successor in office. The court further held that regardless of which Allen County Common Pleas Court judge imposed Martre's sentence, Martre had failed to state a claim in prohibition because the trial court did not patently and unambiguously lack jurisdiction. The court of appeals also noted that Martre had had an adequate remedy in the ordinary course of the law by way of appeal and postconviction motions to challenge his convictions and sentence. The court denied Martre's motion for summary judgment and motion for judicial notice.

{¶ 10} Martre appealed to this court as of right. He timely filed a merit brief; appellees did not file a brief or otherwise appear in this appeal.

## II. ANALYSIS

### A. Motion for Default Judgment

{¶ 11} Martre asks this court to enter a "default judgment" in his favor under S.Ct.Prac.R. 16.07 based on appellees' failure to file a brief. When an appellee does not file a merit brief, we may accept the appellant's statement of facts and issues as correct and reverse the court of appeals' judgment if the appellant's

brief reasonably appears to sustain reversal. S.Ct.Prac.R. 16.07(B). Even if we were to accept Martre's statement of facts and issues as correct, his brief does not provide a legitimate basis for reversing the court of appeals' judgment. We therefore deny Martre's motion.

### B. Denial of Martre's Motion to Strike

{¶ 12} As his first proposition of law, Martre argues that the court of appeals abused its discretion by denying Martre's motion to strike Judge Reed's renewed motion to dismiss. Martre complains that the court of appeals made no factual finding of excusable neglect that would have justified Judge Reed's late filing.

{¶ 13} We reject this proposition of law. To obtain reversal of a judgment, an appellant must show an error that was prejudicial to him. *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 185, 729 N.E.2d 726 (2000). Martre does not argue how it was prejudicial to him for the court of appeals to allow Judge Reed's late filing. Martre's argument focuses on the untimeliness of Judge Reed's opposition to his motion for summary judgment, but as explained fully below, the court of appeals dismissed his amended complaint under Civ.R. 12(B)(6) for his failure to state a claim upon which relief could be granted. Thus, the court of appeals decided this case without addressing Martre's motion for summary judgment. Accordingly, Martre fails to demonstrate how denying his motion to strike was prejudicial.

### C. Denial of Martre's Motion for Judicial Notice

{¶ 14} As his second proposition of law, Martre argues that the court of appeals abused its discretion in denying his motion for judicial notice of the facts alleged in the amended complaint and his entitlement to relief based on those facts. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 8 (courts may take judicial notice of appropriate matters in ruling on a Civ.R. 12(B)(6) motion to dismiss).

{¶ 15} The court of appeals correctly denied Martre's motion for judicial notice. A judicially noticed fact must either be "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Martre's motion, however, requested judicial notice of disputed facts and legal conclusions, which are improper matters for judicial notice under Evid.R. 201(B). *See State ex rel. Arnold v. Gallagher*, 153 Ohio St.3d 234, 2018-Ohio-2628, 103 N.E.3d 818, ¶ 31.

### D. Dismissal of Martre's Complaint

{¶ 16} As his third proposition of law, Martre challenges the court of appeals' dismissal of his prohibition claim under Civ.R. 12(B)(6). We review de novo a court of appeals' dismissal of an extraordinary-writ action under Civ.R. 12(B)(6). *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Dismissal is appropriate if it appears beyond doubt, taking all factual allegations in the complaint as true, that the relator can prove no set of facts entitling him to extraordinary relief in prohibition. *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 5.

{¶ 17} To be entitled to a writ of prohibition, Martre must establish that (1) the trial court exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of the law. *Id.* at ¶ 6. The third element is not required to be proved if the trial court patently and unambiguously lacked jurisdiction. *Id.* Prohibition will generally lie only for an absence of subject-matter jurisdiction. *Id.* at ¶ 8.

{¶ 18} The basis of Martre's prohibition complaint is that the Allen County grand jury lacked jurisdiction to indict him on Counts 3 through 6 of the indictment because those offenses were committed in Lucas County, notwithstanding that the

indictment expressly states that the offenses were committed in Allen County. And because, in his view, the grand jury lacked jurisdiction over those offenses, Martre contends that the Allen County trial court likewise lacked jurisdiction over his case. The flaw in Martre's theory is that he has not identified a jurisdictional defect. As this court held in affirming the dismissal of a habeas corpus action filed by Martre asserting the same theory, "what Martre attempts to cast as a jurisdictional defect is merely a challenge to the validity of the indictment" and "[a]lleged defects in an indictment do not deprive a trial court of jurisdiction." *State ex rel. Martre v. Watson*, 171 Ohio St.3d 810, 2023-Ohio-749, 220 N.E.3d 806, at ¶ 11, citing *State ex rel. Sands v. Bunting*, 150 Ohio St.3d 325, 2017-Ohio-5697, 81 N.E.3d 459, ¶ 2, 4. Therefore, extraordinary relief in prohibition is not available to attack the validity of an indictment. *See State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6. Martre had an adequate remedy in the ordinary course of the law by appeal to raise any claims of deficiencies in the indictment. *State ex rel. Bennett v. White*, 93 Ohio St.3d 583, 584, 757 N.E.2d 364 (2001).

**{¶ 19}** Because Martre did not state a valid claim for extraordinary relief in prohibition, the court of appeals was correct to grant the motion to dismiss.

### E. Denial of Martre's Motion for Summary Judgment

**{¶ 20}** Martre argues as his final proposition of law that the court of appeals abused its discretion in denying his motion for summary judgment. Because the court of appeals correctly dismissed Martre's action for failure to state a claim upon which relief could be granted, Martre necessarily could not prevail on summary judgment under Civ.R. 56. Accordingly, the court of appeals did not err in denying Martre's motion for summary judgment. *See Henderson v. State*, 8th Dist. Cuyahoga No. 101862, 2015-Ohio-1742, ¶ 22.

## IV.  CONCLUSION

{¶ 21} For the foregoing reasons, we deny Martre's motion for default judgment and affirm the judgment of the court of appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Derrick Martre, pro se.

————————————