[Cite as *Eble v. Mingo*, 2026-Ohio-1829.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin W. Eble, | : | |
| Petitioner, | : | |
| v. | : | No. 25AP-905 |
| Honorable Stephanie Mingo, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Kevin W. Eble*, pro se.

**On brief:** *Zach Klein*, City Attorney, *Alexandra N. Pickerill*, and *Aaron D. Epstein*, for respondent.

IN PROHIBITION AND/OR MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

EDELSTEIN, J.

{¶ 1} Petitioner, Kevin W. Eble, initiated this original action seeking a writ of prohibition commanding respondent, Franklin County Municipal Court Judge Stephanie Mingo, to cease overseeing his probation in Franklin County Municipal Court case No. 2024 ERB 070471 (the "environmental case"). Mr. Eble also seeks, in the alterative, a writ of mandamus that orders respondent to modify the conditions and her supervision of his probation in the environmental case. Respondent moved to dismiss Mr. Eble's petition pursuant to Civ.R. 12(B)(1) and (B)(6), arguing he failed to adequately plead a claim for mandamus or prohibition.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. The magistrate issued the appended decision on March 2, 2026, including findings of fact and conclusions of law. In that

decision, the magistrate determined that, after reviewing all evidence and arguments presented by the parties, Mr. Eble failed to demonstrate he is entitled to relief in either prohibition or mandamus. The magistrate further noted that Mr. Eble failed to bring his mandamus action in the name of the state on the relation of petitioner, as required by R.C. 2731.04. Accordingly, the magistrate has recommended this court grant respondent's motion to dismiss.

{¶ 3} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). The case is now before this court for review.

{¶ 4} Based on the foregoing and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we grant respondent's motion to dismiss Mr. Eble's petition for a writ of prohibition and/or mandamus.

*Motion to dismiss granted*;
*action dismiss.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin W. Eble, | : | |
| Petitioner, | : | |
| v. | : | No.  25AP-905 |
| Honorable Stephanie Mingo, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 2, 2026

*Kevin W. Eble*, pro se.

*Zach Klein*, City Attorney, *Alexandra N. Pickerill*, and *Aaron D. Epstein*, for respondent.

IN PROHIBITION AND/OR MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}    Petitioner, Kevin W. Eble, has commenced this original action seeking a writ of prohibition and/or mandamus. In the prohibition action, petitioner seeks a writ ordering respondent, Honorable Stephanie Mingo, Franklin County Municipal Court, Environmental Division, to stop acting outside of her lawful authority. In the mandamus action, petitioner seeks a writ ordering respondent to follow constitutional and statutory requirements. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

Findings of Fact:

{¶ 6}   1. Petitioner is the defendant in Franklin County M.C. no. 2024ERB-070471, an environmental case ("environmental case"). Petitioner is represented by court-appointed counsel in that case.

{¶ 7}   2. Respondent presides over the environmental case. The precise nature of the environmental case is not clear by the allegations in the complaint, although the online docket for the case indicates that in March 2024, petitioner was charged with violation of standards relative to solid waste, house code violation, parking or keeping inoperable motor vehicle, zoning code violation, certificate of zoning clearance, and prohibited parking, which are all misdemeanors. In June 2025, petitioner plead guilty to the zoning code violation, and the remaining charges were dismissed, he was sentenced to 180 days of incarceration, and he was placed on probation. In July 2025, a statement of violation was filed, and a revocation hearing was scheduled. After an August 28, 2025, hearing, respondent ordered that petitioner serve three days; that petitioner bring the property into compliance by September 28, 2025, to comply with probation; and that probation continue. On September 8, 2025, petitioner's appointed public defender withdrew due to a conflict of interest, and respondent appointed private counsel. On September 30, 2025, a statement of violations was filed, and a revocation hearing was scheduled. After several continuances, respondent issued a bench warrant related to the revocation hearing.

{¶ 8}   3. On November 18, 2025, petitioner filed the present petition for writ of prohibition and/or mandamus. In his petition, petitioner alleges the following: after his prior appointed counsel withdrew, he was without legal representation until the next hearing, when respondent appointed new counsel; respondent failed to allow petitioner adequate time to speak with new counsel before proceeding with the hearing; petitioner was not permitted to speak, testify, or present evidence; respondent did not review petitioner's evidence; petitioner was unable to defend himself; respondent failed to evaluate whether his medical condition or financial circumstances prevented compliance; petitioner informed the court he was scheduled to sell jewelry at the Obetz Zucchini Festival, but respondent refused to allow him to surrender until after the event; petitioner pled guilty only to solid-waste violations, but respondent unlawfully modified his

probation by requiring him to comply with all code sections; respondent now demands warrantless inspections of his fenced, private backyard; and petitioner notified the court of a medical emergency before the August 13, 2025, hearing, and he submitted a doctor's note to the court by the end of the day, but respondent imposed a new 3:00 p.m. deadline for the note and immediately issued a no-bond warrant.

{¶ 9}   4. On December 30, 2025, petitioner filed a motion for default judgment based upon respondent's failure to file any responsive pleading.

{¶ 10}  5. On January 7, 2026, respondent filed a motion to dismiss the petition for writ of prohibition pursuant to Civ.R. 12(B)(1) and (6). Petitioner filed a responsive pleading to the motion to dismiss.

{¶ 11}  6. On February 12, 2026, petitioner filed a renewed motion for alternative relief.

Conclusions of Law:

{¶ 12} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 13} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). The absence of an adequate remedy at law is not a required element if it can be shown that the trial court patently and unambiguously lacks jurisdiction. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 17, citing *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 6.

{¶ 14} Whether a court patently and unambiguously lacks jurisdiction for purposes of a writ of prohibition is a question of the court's subject-matter jurisdiction.

*State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988) (prohibition tests and determines solely and only the subject-matter jurisdiction of the trial court). *See also Martre*, 2023-Ohio-4594 at ¶ 17, citing *Jones*, 2022-Ohio-2427 at ¶ 8 (prohibition will generally lie only for an absence of subject-matter jurisdiction). Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases. *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *State v. Harper*, 2020-Ohio-2913, ¶ 23, citing 18A Wright, Miller & Cooper*, Federal Practice and Procedure*, Section 4428, at 6 (3d Ed. 2017) (explaining that jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts).

{¶ 15} In order for this court to issue a writ of mandamus, a relator must establish the following three requirements: (1) that relator has a clear legal right to the relief sought; (2) that respondent has a clear legal duty to provide such relief; and (3) that relator has no adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 16} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250 (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 17} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether

the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} In the present case, petitioner alleges in his petition that a writ of prohibition is warranted because respondent lacks jurisdiction to impose conditions unrelated to the original offense; respondent has exercised jurisdictional power in a manner that violates constitutional rights, including rights to counsel, due process, medical accommodation, and freedom from unreasonable searches; and he lacks an adequate remedy at law because the harm is ongoing, repetitive, and affects liberty interests. Petitioner alleges a writ of mandamus is warranted because respondent failed to provide him with a meaningful opportunity to be heard; failed to consider evidence and testimony; failed to determine his willfulness before imposing jailtime; failed to accommodate documented medical conditions; failed to refrain from imposing non-statutory probation conditions; and failed to respect his Fourth Amendment protections.

{¶ 20} With regard to petitioner's action in prohibition, respondent argues that dismissal is appropriate because the petition fails to state a claim. Respondent asserts that the petition does not challenge respondent's general subject-matter jurisdiction over the

environmental case; the petition does not dispute that she has general subject-matter jurisdiction to impose and enforce sentencing; petitioner's specific complaints have an adequate remedy at law by way of appeal; and petitioner's allegation that he was deprived of his right to counsel does not challenge the court's jurisdiction. With regard to petitioner's action in mandamus, respondent also argues that dismissal is appropriate because the petition fails to state a claim. Respondent asserts that the petition was not brought in the name of the state on the relation of petitioner pursuant to R.C. 2731.04; and petitioner has an adequate remedy at law by way of motions and appeals regarding the terms of his probation.

{¶ 21} After reviewing the petition, the magistrate finds that petitioner cannot demonstrate entitlement to relief in either mandamus or prohibition. With regard to prohibition, petitioner cannot demonstrate that respondent is about to exercise or has exercised judicial power that is unauthorized by law. As explained above, in prohibition, the question is whether the court has subject-matter jurisdiction, i.e., whether the court has the power to entertain and adjudicate a particular class of cases. Common pleas courts "have such original jurisdiction over all justiciable matters . . . as may be provided by law." Ohio Const., article IV, § 4(B). Thus, when a common pleas court patently and unambiguously lacks jurisdiction to hear a case, " 'it is almost always because a statute explicitly removed that jurisdiction.' " *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 14, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9. In the present case, petitioner does not allege anywhere in his petition that the trial court lacked subject-matter jurisdiction. Indeed, a "municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory." R.C. 1901.20(A)(1). Furthermore, respondent clearly had the authority to conduct a probation revocation hearing. *See* Crim.R. 32.3; R.C. 2951.08; and R.C. 2951.09. *Grundstein v. Carroll*, 2004-Ohio-2346, ¶ 9 (8th Dist.) (municipal court judge clearly had the authority to conduct a probation revocation hearing). Furthermore, the municipal court's probation jurisdiction is not limited because there may be reversible error in the trial that served as the basis for the probation violation charge. *Id.,* citing *State ex rel. Dowdy v. Baird*, 3 Ohio St.3d 10 (1983). Therefore, the magistrate finds that it appears beyond doubt that petitioner can prove no set of facts demonstrating that respondent lacked subject-matter jurisdiction,

much less patently and ambiguously lacked subject-matter jurisdiction, and, thus, respondent is entitled to dismissal of petitioner's prohibition action.

{¶ 22} With regard to petitioner's action in mandamus, the existence of an adequate remedy at law renders a writ of mandamus unavailable to petitioner. *See State ex rel. Tran v. McGrath*, 1997-Ohio-245 (if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded). The allegations in petitioner's petition concern probation terms, compliance, and revocation, which may all be addressed by way of motions in the trial court or on appeal. *See, e.g., Grundstein* at ¶ 1 (finding the probationer had an adequate remedy at law by filing an appeal concerning his original conviction, and by appealing the revocation of his probation, if necessary). *See also State ex rel. Gadsden v. Lioi*, 93 Ohio St.3d 574, 574 (2001) (finding appellant had an adequate remedy by appeal to contest his probation revocation). Many of petitioner's specific complaints throughout the petition are proper subjects for direct appeal, such as respondent's failure to allow him adequate time to speak with new counsel; failure to allow him to testify or present evidence; failure to review evidence; failure to evaluate his medical conditions or financial circumstances; and failure to consider his request that he be permitted to surrender after the Obetz Zucchini Festival. These complaints are matters for appeal, and mandamus may not be used as a substitute for appeal. *Pressley,* 11 Ohio St.2d 141, paragraph three of the syllabus.

{¶ 23} Furthermore, many of these same complaints concern respondent's judicial discretion. Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987).

{¶ 24} Finally, the magistrate notes that petitioner has failed to bring his actions in the name of the state on the relation of petitioner, as required by R.C. 2731.04. The statute requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. A petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Shoop v. State*, 2015-Ohio-2068, ¶ 10, citing *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34. Here, the case caption indicates the petitioner is "Kevin W. Eble." The case caption does not include "State ex rel." or any other designation to indicate that the

petition was made in the name of the state on the relation of petitioner. Thus, the petition is defective and independently subject to dismissal on this ground.

**{¶ 25}** For these reasons, even presuming all of the allegations contained therein are true, and making all reasonable inferences in petitioner's favor, the magistrate finds it is beyond doubt that petitioner can prove no set of facts entitling him to relief in mandamus. Furthermore, petitioner has failed to demonstrate that the trial court lacked subject-matter jurisdiction, which is required for a writ of prohibition to issue.

**{¶ 26}** Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss petitioner's petition for writ of prohibition and/or mandamus. Petitioner's December 30, 2025, motion for default judgment and February 12, 2026, renewed motion for alternative relief are denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.