[Cite as *State ex rel. Gideon v. Page*, 2024-Ohio-1219.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Mark R. Gideon, | : | |
| Relator, | : | No. 23AP-492 |
| v. | : | (REGULAR CALENDAR) |
| The Honorable Jaiza N. Page et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 29, 2024

**On brief:** *Law Offices of James P. Connors*, and *James P. Connors*, for relator.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Brian D. Zagrocki,* for respondent, Judge Jaiza N. Page.

**On brief:** *Frost Brown Todd LLP*, *Yazan S. Ashrawi*, and *Thaddeus M. Boggs*, for respondent, City of Worthington.

IN PROHIBITION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Mark R. Gideon, owns property that respondent, the City of Worthington ("City"), sought to take by initiating appropriation proceedings in the Franklin County Court of Common Pleas. That eminent-domain action was initially dismissed without prejudice by respondent, Franklin County Court of Common Pleas Judge Jaiza N. Page ("Judge Page"), pursuant to Loc.R. 25.03 and Civ.R. 41(B), on account of the parties' failure to timely put on a final entry of dismissal following settlement, as ordered by the trial court. But, on motion by the City explaining the matter was not settled

because Mr. Gideon refused to execute the settlement documents, Judge Page vacated the entry of dismissal and scheduled the matter for a hearing on the City's motion seeking enforcement of the settlement agreement.

{¶ 2}   Mr. Gideon now seeks a writ of prohibition to prevent Judge Page from moving forward with that hearing.  For the following reasons, we deny the writ.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}   In the underlying action against Mr. Gideon,[1] the City sought to appropriate Mr. Gideon's private property through eminent domain to replace an existing underground sanitary sewer on his property with a larger sewer line that does not discharge raw sewage. On October 10, 2022, the parties entered into a tentative settlement agreement— conditioned on City Council's approval—during mediation with the trial court's magistrate. The magistrate advised the trial court of the settlement, and, on October 12, 2022, the court put on an entry noting the settlement and directing the parties to put on a final entry of dismissal within 60 days or risk dismissal (without prejudice) for want of prosecution pursuant to Loc.R. 25.03 and Civ.R. 41(B)(1).

{¶ 4}   Although City Council approved the settlement in early November, Mr. Gideon refused to execute the settlement documents, asserting the written agreement prepared by the City contained terms that materially deviated from what was agreed to in October. Counsel thus did not submit a proposed dismissal entry or otherwise communicate to the court that the matter was not settled.  Accordingly, on January 10, 2023, Judge Page put on, sua sponte, an entry dismissing the case ***without*** prejudice, pursuant to Loc.R. 25.03 and Civ.R. 41(B)(1), for want of prosecution.  That entry further stated that "the parties may [hereafter] submit an amended agreed entry reflecting the terms of the settlement and/or dismissal." (Jan. 10, 2023 Journal Entry.)

{¶ 5}   On February 8, 2023, the City filed a motion to vacate the January 10, 2023 entry of dismissal and to enforce the settlement.  Mr. Gideon objected to that motion on jurisdictional grounds and contested the existence of such agreement by alleging the City's proposed settlement documents "deviated materially from what was agreed on" at the

---

[1] In evaluating entitlement to a writ, a court may take judicial notice of the pleadings and orders in related cases when they are not subject to reasonable dispute insofar as they affect the current original action without converting a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment under Civ.R. 56. *See, e.g.*, *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000); *Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10.

October 10, 2022 mediation. (*See* Feb. 23, 2023 Memo Contra at 2.) On July 6, 2023, the trial court granted the City's motion to set aside the dismissal entry and scheduled a hearing on the issue of whether a settlement had actually been reached.

{¶ 6} Before that hearing took place, however, Mr. Gideon appealed from the trial court's July 6, 2023 entry granting the City's motion to vacate to this court under case No. 23AP-475. On September 5, 2023, we dismissed that case for lack of appellate jurisdiction. Specifically, we found that because the trial court's January 10, 2023 entry dismissing the case without prejudice was not a final, appealable order, the July 6, 2023 entry vacating that dismissal was also not a final, appealable order. We then denied Mr. Gideon's application for reconsideration, application for *en banc* consideration, and motion to certify a conflict on October 26, 2023. The Supreme Court of Ohio declined jurisdiction over that case on February 20, 2024. (*See* Case Announcements, 2024-Ohio-555 at case No. 2023-1564.)

{¶ 7} While his appeal in case No. 23AP-475 was pending, Mr. Gideon commenced this original action on August 15, 2023, seeking a writ of prohibition to prevent Judge Page from conducting "any further proceedings" in the case below and "to correct the results of prior jurisdictionally unauthorized actions including the Decision and Entry filed July 6, 2023." (Aug. 15, 2023 Compl. at ¶ 40-41.) Respondents each filed a motion to dismiss Mr. Gideon's complaint for a writ of prohibition under Civ.R. 12(B)(6).

{¶ 8} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that Mr. Gideon's complaint failed to state a cause of action in prohibition and, accordingly, has recommended that we grant respondents' motion to dismiss and dismiss the complaint. (Dec. 8, 2023 Mag.'s Decision at 10-11.)

{¶ 9} Mr. Gideon now objects to the magistrate's conclusions of law. (*See* Dec. 22, 2023 Objs. to Mag.'s Decision.) We note Mr. Gideon's objections were timely filed under Civ.R. 53(D)(3)(b). We are therefore required to independently review the objected to matters and evaluate whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 10} Before addressing the merits of Mr. Gideon's objections, we note that Mr. Gideon has not objected to the magistrate's findings of fact. Nonetheless, having reviewed

the record and the magistrate's factual findings—and in the absence of any objection thereto—we find no error in the magistrate's determinations of the facts.

## II. ANALYSIS

{¶ 11} Mr. Gideon objects to the magistrate's determination and application of the law to find that dismissal was appropriate under Civ.R. 12(B)(6). For the reasons that follow, we overrule Mr. Gideon's five objections to the magistrate's decision.

{¶ 12} "Prohibition is an extraordinary writ issued to prevent a court or tribunal from usurping or exercising judicial power or judicial functions which have not been conferred upon it by law." *State ex rel. Daily Reporter v. Court of Common Pleas of Franklin Cty.*, 56 Ohio St.3d 145 (1990). "The writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary, and adequate remedy." *State ex rel. Stark v. Summit Cty. Court of Common Pleas*, 31 Ohio St.3d 324, 325 (1987).

{¶ 13} To be entitled to a writ of prohibition, Mr. Gideon must establish that (1) Judge Page is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *See State ex rel. Fiser v. Kolesar*, 164 Ohio St.3d 1, 2020-Ohio-5483, ¶ 7, quoting *State ex rel. Balas-Bratton v. Husted*, 138 Ohio St.3d 527, 2014-Ohio-1406, ¶ 15.

{¶ 14} The absence of an adequate remedy at law is not a required element if it can be shown that the trial court patently and unambiguously lacks jurisdiction. *State ex rel. Martre v. Cheney*, ___ Ohio St.3d ___, 2023-Ohio-4594, ¶ 17, citing *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, ¶ 6. If a trial court does not patently and unambiguously lack jurisdiction, however, a direct appeal is generally "considered an adequate remedy that will preclude a writ of prohibition." *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, ¶ 8.

{¶ 15} " '[I]n order to dismiss a complaint for a writ under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of the relator, that the relator can prove no set of facts warranting extraordinary relief.' " *State ex rel. Squire v. Phipps*, 10th Dist. No. 23AP-137, 2023-Ohio-3950, ¶ 2, quoting *State ex rel. Lewis v. Holbrook*, 10th

Dist. No. 07AP-5, 2007-Ohio-4459, ¶ 7, citing *State ex rel. Hunter v. Patterson*, 75 Ohio St.3d 512, 513-14 (1996).

{¶ 16} In this case, the magistrate cited statutory authority and case law supporting his finding that the trial court had jurisdiction to consider—and grant—the City's motion to vacate the January 10, 2023 entry of dismissal and to schedule the matter for a hearing on the City's motion to enforce the settlement agreement. (*See* Mag.'s Decision at 6-10.)  In addition to rejecting Mr. Gideon's contention that Judge Page patently and unambiguously lacks jurisdiction over the case after it was dismissed on January 10, 2023 pursuant to Loc.R. 25.03 and Civ.R. 41(B)(1), the magistrate also found that Mr. Gideon has an adequate remedy at law by way of direct appeal.  (Mag.'s Decision at 5, 9-11.)  Based on these findings, the magistrate determined Mr. Gideon cannot prove, as a matter of law, any set of facts that would entitle him to the extraordinary relief in prohibition he requests. Accordingly, the magistrate has recommended that we grant respondents' motions to dismiss under Civ.R. 12(B)(6) and deny the requested writ.

{¶ 17} Mr. Gideon challenges the magistrate's conclusions of law by submitting the following five objections for our review:

1. The decision failed to address the key fact that respondent Judge Page *patently and unambiguously lacks jurisdiction* over this case.

2. The decision erred by failing to address the overwhelming legal authority that demonstrates that respondent Judge Page patently and unambiguously lacks jurisdiction over this case.

3. The decision erred by dismissing this action based on the erroneous conclusion that relator has an adequate remedy by way of appeal.

4. The decision erred by failing to apply the proper standard of review for a motion to dismiss pursuant to Civ. R. 12(B)(6).

5. The decision erred by applying legal authority that is inapposite.

(Emphasis sic and bold deleted.)

{¶ 18} Because Mr. Gideon's first, second, third, and fifth objections all pertain to the magistrate's finding "that there is no patent and unambiguous lack of jurisdiction," we address these four objections first and together. We then review his fourth objection, which challenges the magistrate's application of Civ.R. 12(B)(6).

### A. Judge Page does not patently and unambiguously lack jurisdiction.

{¶ 19} "Jurisdiction" refers to three distinct legal concepts: jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. *See, e.g.*, *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11-12. Often unspecified, the general use of this polysemic word "has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses." (Citations omitted.) *Kuchta* at ¶ 18.

{¶ 20} "Prohibition will generally lie only for an absence of ***subject-matter*** jurisdiction." (Emphasis added.) *Martre*, 2023-Ohio-4594 at ¶ 17, citing *Jones*, 2022-Ohio-2427 at ¶ 8. *See also State ex rel. Welt v. Doherty*, 166 Ohio St.3d 305, 2021-Ohio-3124, ¶ 16.

{¶ 21} Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases.[2] *Kuchta* at ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972*)*. " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id*. at ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts.").

{¶ 22} Common pleas courts "have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B). Thus, when a common pleas court patently and unambiguously lacks jurisdiction to hear a case,

---

[2] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19, citing *Pratts* at ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id*. at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g.*, *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 36.

" 'it is almost always because a statute explicitly removed that jurisdiction.' " *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, ¶ 14, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9.

{¶ 23} There is no dispute that Judge Page has exercised judicial power over the case below, No. 21CV-6139, and intends to continue exercising that power by proceeding with a hearing on the City's motion to enforce the settlement agreement. Indeed, a hearing on that motion is presently scheduled for April 23, 2024.[3] (*See* Mar. 15, 2024 Notice of Hearing in case No. 21CV-6139.) And Mr. Gideon does not dispute that the Franklin County Court of Common Pleas had subject-matter jurisdiction over the case when the suit was filed. Indeed, Ohio's Eminent Domain Act provides subject-matter jurisdiction in appropriation cases to the court of common pleas in the " 'county in which the property sought to be appropriated is located.' " *Schlegel* at ¶ 12, quoting R.C. 163.01(D), and citing R.C. 163.05.

{¶ 24} At issue is whether Judge Page had subject-matter jurisdiction to vacate the January 10, 2023 entry of dismissal, pursuant to Civ.R. 60(B), based on the disagreement between the parties on whether the matter was actually settled, and to hear and issue a ruling on the City's motion to enforce the settlement agreement.

{¶ 25} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

---

[3] On March 19, 2024, Mr. Gideon filed a motion in this case requesting that we stay, or alternatively, enjoin by preliminary injunction, any further proceedings in the trial court pending the outcome of this appeal. Based on our resolution of this writ action, we deny the March 19th motion as moot.

(4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) Any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶ 26} Mr. Gideon does not dispute the existence of several Civ.R. 60(B) grounds for granting relief from the January 10, 2023 entry of dismissal. In fact, his complaint for a writ of prohibition contains many allegations that clearly support it. (*See* Compl. at ¶ 5-21.) For instance, there are questions of whether the parties were mistaken about the terms of their October 10, 2022 agreement and whether the City was surprised when it learned Mr. Gideon would not execute the settlement documents, thus invoking Civ.R. 60(B)(1). In any event, the propriety of the trial court's substantive basis for granting the City's motion to vacate the dismissal entry is not at issue in this case.

{¶ 27} Instead, Mr. Gideon claimed in his prohibition complaint that Judge Page lacked jurisdiction to grant the City's motion to vacate because the Loc.R. 25.03 entry of dismissal divested Judge Page of her ability to exercise any judicial power in the eminent domain case brought by the City after January 10, 2023. (Compl. at ¶ 38-41.) His position is that the dismissal entry did not adequately express the trial court's intention to retain jurisdiction to enforce of the settlement agreement, as contemplated by *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 143 Ohio St.3d 346, 2015-Ohio-1101. Specifically, the January 10, 2023 dismissal entry in this case stated: "The parties may hereafter submit an amended entry reflecting the terms of the settlement and/or dismissal." Similarly, the trial court's October 12, 2022 notice of settlement entry provided: "If the Court enters an entry of dismissal, the parties may subsequently submit an amended agreed entry reflecting the terms of the settlement and/or dismissal."

{¶ 28} The inherent incongruity in his argument is worth noting. On the one hand, Mr. Gideon acknowledges his refusal to execute the settlement documents and alleges this is because those documents materially deviate from the agreed-upon terms. On the other, Mr. Gideon insists the dismissal entry is valid even though—based on the allegations Mr. Gideon makes in his prohibition complaint—the matter has not actually been settled because the parties now disagree about the terms of their settlement agreement.

{¶ 29} But even setting aside the inconsistency in his position, Mr. Gideon's legal basis for claiming Judge Page did not have subject-matter jurisdiction to grant the City's motion to vacate the entry of dismissal on July 6, 2023 and thus cannot proceed on the City's motion to enforce the settlement agreement is without merit. Predominately, this is because the principal case on which he relies does not support his argument.

{¶ 30} In that case, *Infinite Security Solutions*, *L.L.C.*, the Ohio Supreme Court recognized that, "as a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case." *Id*. at ¶ 25. But, to do so, the dismissal entry must contain "a clear indication that the trial court intends to retain jurisdiction to enforce the parties' settlement agreement." *Id*. at ¶ 30. At the same time, the court has declined to require "specific or hypertechinical language." *Id*. at ¶ 31. And, the court has expressed that, "[i]f there is uncertainty as to the terms of the settlement agreement, the court should hold a hearing to determine whether an enforceable agreement exists." (Citations omitted.) *Id*.

{¶ 31} Contrary to Mr. Gideon's assertion, however, *Infinite Security Solutions*, *L.L.C.*, is inapposite given the procedural posture of this case. The party-insurer in that case moved to vacate the dismissal entry pursuant to Civ.R. 60(B)(1), arguing that dismissal without prejudice was a mistake because the settlement had not been finalized as to, among other things, the apportionment of the proceeds between the parties. *Id*. at ¶ 10. In denying the motion to vacate as moot, the trial court "held that its dismissal was conditional, that it retained jurisdiction to determine the priority issue ***without vacating the dismissal entry***, and that [the insurer's] claim to the settlement funds had priority." (Emphasis added.) *Id*. at ¶ 11, 33. The appellate court disagreed, instead finding the trial court lacked jurisdiction to enter a post-dismissal judgment on the priority issue because of its unconditional prior dismissal of the case. *Id*. at ¶ 13. On discretionary appeal, the Ohio Supreme Court agreed that the trial court's dismissal entry was not conditional because it

failed to adequately state the trial court's intention to retain jurisdiction over the enforcement of the parties' settlement agreement. *Id*. at ¶ 32.

{¶ 32} Fatal to Mr. Gideon's argument, however, is that the *Infinite Security Solutions, L.L.C.* court expressly declined to rule on whether the trial court had jurisdiction to **vacate** the dismissal under Civ.R. 60(B). *Id*. at ¶ 33. Noting that neither the trial court nor the appellate court considered the insurer's entitlement to relief under Civ.R. 60(B), the court remanded the case to the trial court to address that issue. *See id*. at ¶ 33-34.

{¶ 33} In this case, the City moved to vacate the dismissal entry, pursuant to Civ.R. 60(B), before seeking to enforce the settlement agreement. (*See* Feb. 8, 2023 Mot. to Vacate; Mar. 3, 2023 Reply.) Unlike in *Infinite Security Solutions, L.L.C.*, the trial court granted the Civ.R. 60(B) motion and vacated the dismissal **before** it sought to consider the City's motion to enforce the settlement agreement. (*See* July 6, 2023 Decision and Entry on Pl.'s Mot. to Vacate.) And, as stated above, Mr. Gideon's complaint reinforces the City's argument in support of its motion to vacate—and the trial court's finding—that relief under Civ.R. 60(B) is appropriate. (*See* Compl. at ¶ 5-19.)

{¶ 34} We have expressly held that a trial court "ha[s] jurisdiction to consider [a] motion to vacate [its] Loc.R. 25.03 dismissal" under Civ.R. 60(B) where, as is the case here, there is "a question of whether the matter was actually settled." *Hill v. Briggs*, 111 Ohio App.3d 405, 409-11 (10th Dist.1996). And, notably, Mr. Gideon does not contend otherwise in his complaint for the writ of prohibition.

{¶ 35} Whether the dismissal entry adequately conveyed the trial court's intention to retain jurisdiction over the case for purposes of enforcing the settlement agreement is thus irrelevant to the issue of whether Mr. Gideon is entitled to a writ of prohibition. The January 10, 2023 dismissal entry was vacated pursuant to Civ.R. 60(B), and the propriety of that decision is not before us. Pursuant to *Hill*, the trial court clearly has subject-matter jurisdiction over the case since its entry dismissing the case without prejudice for want of prosecution under Loc.R. 25.03 and Civ.R. 41(B)(1) no longer stands.

{¶ 36} The subject matter of this dispute—eminent domain—falls squarely within the jurisdiction granted by the Ohio Constitution and Revised Code to the Franklin County Court of Common Pleas. Absent a patent and unambiguous lack of subject-matter jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a writ of prohibition will not lie where an adequate remedy by appeal is

available.  *See, e.g., State ex rel. Fraternal Order of Police, Ohio Labor Council v. Court of Common Pleas of Franklin Cty.*, 76 Ohio St.3d 287, 289 (1996); *Squire*, 2023-Ohio-3950 at ¶ 18-21.

{¶ 37}  Mr. Gideon's first, second, third, and fifth objections conflate the trial court's subject-matter jurisdiction to hear the case with its legal authority to grant the relief sought. But, of course, "[t]here is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it."  *Pratts*, 2004-Ohio-1980 at ¶ 10.  *See, e.g., State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656 (1995) ("the fact that [a judge] may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition").

{¶ 38}  To the extent Mr. Gideon claims the settlement agreement should not be enforced, due to, for instance, material differences in the agreed upon terms, that issue is not before us.  And, whether Judge Page has ruled—or will rule—correctly in exercising the trial court's jurisdiction is a matter that must be left in the first instance to this court on direct review.

{¶ 39}  For these reasons, we find no error in the magistrate's findings of fact or conclusions of law on Mr. Gideon's jurisdictional argument.  Accordingly, Mr. Gideon's first, second, third, and fifth objections to the magistrate's decision are without merit.

**B. The magistrate correctly applied the Civ.R. 12(B)(6) standard.**

{¶ 40}  In his fourth objection, Mr. Gideon contends the magistrate's decision fails to properly apply Civ.R. 12(B)(6) to its analysis.  We disagree.

{¶ 41}  Dismissal of an extraordinary writ action under Civ.R. 12(B)(6) is appropriate if it appears beyond doubt, taking all factual allegations in the complaint as true, that the relator can prove no set of facts entitling him to extraordinary relief in prohibition.  *Martre*, 2023-Ohio-4594 at ¶ 16, citing *Jones*, 2022-Ohio-2427 at ¶ 5.

{¶ 42}  Courts are permitted to take judicial notice of appropriate matters when ruling on a Civ.R. 12(B)(6) motion to dismiss.  *See, e.g., State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.  It is axiomatic that this court may take judicial notice of the docket and record in the case subject to the writ action in order to determine whether the writ complaint—which seeks to prohibit past and future conduct by the court—sufficiently states a claim for relief.  *See, e.g., State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, ¶ 12-20.

{¶ 43} In Ohio, a plaintiff is not ordinarily required to plead operative facts with particularity. *See, e.g., Cincinnati v. Beretta USA Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29. Under the notice pleading requirements of Civ.R. 8(A), the plaintiff need only plead sufficient, operative facts to support recovery under his claims. *See, e.g., Wildi v. Hondros College*, 10th Dist. No. 09AP-346, 2009-Ohio-5205, ¶ 12. Nevertheless, to constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions. *See id.*

{¶ 44} On review, we find Mr. Gideon's complaint insufficient even under Ohio's notice pleading standard. It is true that Mr. Gideon's complaint generally alleges the three elements necessary to establish entitlement to the requested writ. (*See* Compl. at ¶ 34.) But, he does not provide any facts or allegations to support his legal conclusions that "[t]he exercise of judicial power is legally unauthorized under the circumstances" and "[i]f the writ is denied, Mr. Gideon will incur injury for which no adequate legal remedy exists." (Compl. at ¶ 34.)

{¶ 45} The basis of Mr. Gideon's prohibition complaint is that the January 10, 2023 entry of dismissal divested Judge Page of subject-matter jurisdiction to entertain the City's motion to enforce the settlement agreement because the dismissal entry did not contain the language necessary to retain jurisdiction, meaning the January 10, 2023 dismissal was unconditional. But, as explained above, Mr. Gideon's allegations are inapposite to proving his entitlement to the requested writ because that dismissal entry was subsequently vacated on July 6, 2023 pursuant to Civ.R. 60(B).

{¶ 46} The fundamental flaw in Mr. Gideon's complaint, then, is that it fails to identify a meritorious jurisdictional defect. Moreover, his writ complaint contains no facts or allegations pertaining to the unavailability of any adequate legal remedy. To the contrary, his writ complaint contains quotations from case law holding that "***notwithstanding the availability of appeal***," prohibition will issue where "a lower court patently and unambiguously lacks jurisdiction over the cause." (Emphasis added.) (Compl. at ¶ 36-37.) Accordingly, we agree with the magistrate's determination that Mr. Gideon's complaint fails to state a valid claim for extraordinary relief in prohibition.

**{¶ 47}** For these reasons, Mr. Gideon's contention that the magistrate failed to properly apply the law when it determined dismissal was warranted under Civ.R. 12(B)(6) is without merit.  As such, his fourth objection is not well-taken.

## III.  DISPOSITION

**{¶ 48}** Upon review of the magistrate's decision, an independent review of the record, and due consideration of Mr. Gideon's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law.  Accordingly, we overrule Mr. Gideon's five objections; adopt the magistrate's decision, including the findings of fact and conclusions of law contained therein, as our own; grant respondents' motions to dismiss; deny the writ; and dismiss this action in prohibition.

*Objections overruled*;
*motions to dismiss granted*;
*writ of prohibition denied.*

MENTEL, P.J. and BEATTY BLUNT, J., concur.

**APPENDIX**

| | | |
|---|---|---|
| [State ex rel.] Mark R. Gideon, | : | |
| Relator, | : | |
| v. | : | No.  23AP-492 |
| The Honorable Jaiza N. Page et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 8, 2023

*Law Offices of James P. Connors*, and *James P. Connors*, for relator.

*G. Gary Tyack*, Prosecuting Attorney, and *Brian D. Zagrocki,* for respondent Judge Jaiza N. Page.

*Frost Brown Todd LLP, Yazan S. Ashrawi*, and *Thaddeus M. Boggs*, for respondent, City of Worthington.

IN PROHIBITION ON
RESPONDENTS' MOTIONS TO DISMISS

{¶ 49}  Relator, Mark R. Gideon, has filed this original action requesting a writ of prohibition against respondents The Honorable Jaiza N. Page ("Judge Page") and City of Worthington ("city"), seeking an order preventing Judge Page from taking any further action or conducting any further proceedings in Franklin County Common Pleas Case No. 21CV-6139, and to correct the results of prior jurisdictionally unauthorized actions including the decision and entry filed July 6, 2023.  Relator has also filed a December 6,

2023, motion for temporary restraining order ("TRO") and a December 6, 2023, motion for preliminary injunction.

Findings of Fact:

{¶ 50} 1. Respondent Judge Page is a trial court judge in the Franklin County Court of Common Pleas in Columbus, Ohio.

{¶ 51} 2. Respondent city is located in Ohio.

{¶ 52} 3. Relator owns property in the city.

{¶ 53} 4. Judge Page presides over Franklin C.P. No. 21CV-6139, an eminent-domain action in which the city is the plaintiff and relator is the defendant.

{¶ 54} 5. In his complaint for writ of prohibition filed in the present case, relator alleges that, on October 10, 2022, he and the city reached an agreement to settle the eminent-domain action, and the parties agreed to execute a written agreement. The city requested 60 days in which to submit the dismissal entry contemplated by the agreement to obtain approval from city council.

{¶ 55} 6. On October 12, 2022, Judge Page issued an order that indicated the following:

> Counsel notified the Court that the within cause of action has been settled. Counsel shall prepare the appropriate entry for the Court's approval within Sixty (60) days of the filing of this notice. Failure to file said entry may result in dismissal as for want of prosecution pursuant to Local Rule 25.03.
>
> If the Court enters an entry of dismissal, the parties may subsequently submit an amended agreed entry reflecting the terms of the settlement and/or dismissal.

{¶ 56} 7. In his complaint, relator further alleges the following: (1) the city made little or no effort to consummate the settlement after October 10, 2022; (2) city council approved the settlement on November 7, 2022; (3) in December 2022 , the city forwarded

to relator a proposed agreed judgment entry, but that entry included several terms that were not discussed or agreed upon; (4) on January 4, 2023, relator responded through counsel to propose a written settlement agreement and release and dismissal entry, as agreed to on October 10, 2022; and (5) the city rejected relator's proposals, and the parties were unable to reach an agreement.

{¶ 57} 8. On January 10, 2023, Judge Page entered an entry of dismissal, which indicated:

> The Court notified the parties and/or counsel herein that an entry of dismissal must be submitted to the Court within Sixty (60) days of the notice of settlement, or the case would be dismissed pursuant to Loc.R. 2503 and Civ.R. 41. The parties have failed to submit an appropriate entry to the Court, and have failed to notify the Court, in writing, as to the cause of such delay. Therefore, the Court hereby **ORDERS** that this case be **DISMISSED** without prejudice. The Clerk shall terminate the case from the Court's active docket.
>
> The parties may hereafter submit an amended entry reflecting the terms of the settlement and/or dismissal.

(Emphasis sic.)

{¶ 58} 9. On February 8, 2023, the city filed a motion to vacate the January 10, 2023, dismissal order and enforce the settlement agreement.

{¶ 59} 10. On February 23, 2023, relator filed a memorandum contra, in which he asserted that the trial court had been divested of jurisdiction on January 10, 2023, when it filed the dismissal entry.

{¶ 60} 11. The trial court set the city's motion to vacate dismissal and enforce settlement agreement for a hearing on May 1, 2023.

{¶ 61} 12. After the May 1, 2023, hearing, the trial court filed a July 6, 2023, decision and entry, in which it granted the city's February 8, 2023, motion to vacate dismissal and enforce settlement agreement.

{¶ 62} 13. Claimant appealed the July 6, 2023, decision and entry, and in *Worthington, Ohio v. Gideon*, 10th Dist. No. 23AP-475 (September 5, 2023) (journal entry of dismissal), this court dismissed the appeal, finding that, because the trial court's initial dismissal without prejudice was not a final, appealable order, the court's subsequent entry vacating that dismissal was also not a final, appealable order. Claimant filed an application for reconsideration and en banc consideration and a motion to certify conflict, both of which this court denied in *Worthington, Ohio v. Gideon*, 10th Dist. No. 23AP-475 (October 26, 2023) (journal entry).

{¶ 63} 14. On August 15, 2023, relator filed the present complaint for writ of prohibition, in which he seeks an order preventing Judge Page from taking any further action or conducting any further proceedings in Franklin C.P. No. 21CV-6139, and to correct the results of prior jurisdictionally unauthorized actions including the decision and entry filed July 6, 2023.

{¶ 64} 15. On September 14, 2023, the city filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 65} 16. On September 18, 2023, Judge Page filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 66} 17. On December 6, 2023, relator filed motions for TRO and preliminary injunction, seeking to prevent Judge Page from holding further hearings on the matter until this court determines the present prohibition action.

Conclusions of Law:

{¶ 67} For the reasons that follow, it is this magistrate's decision that this court should grant respondents' motions to dismiss relator's complaint for writ of prohibition.

**{¶ 68}** "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

**{¶ 69}** "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*" *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

**{¶ 70}** A court may dismiss a complaint seeking a writ of prohibition pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 71}  The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 72}  In the present case, one argument raised by respondents is dispositive of their motions to dismiss. Respondents argue, among other things, that relator's writ of prohibition should be dismissed because he has an adequate remedy at law by way of direct appeal of the trial court's final judgment. For the following reasons, the magistrate agrees.

**{¶ 73}** In *State ex rel. Feltner v. Cuyahoga Cty. Bd. of Revision*, 160 Ohio St.3d 359, 2020-Ohio-3080, the Supreme Court of Ohio discussed writs of prohibition and adequate remedies in the ordinary course of law, as follows:

> To be entitled to a writ of prohibition, a relator ordinarily must prove that a lower tribunal is about to exercise judicial or quasi-judicial power without authority and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. * * *
>
> * * *
>
> [I]n *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus, we recognized an exception to the general rule, holding that a writ of prohibition may issue correctively to arrest the continuing effects of an order when there was "a total want of jurisdiction" on the part of the lower tribunal. A few years after *Gusweiler*, we began to associate the exception with the modifying phrase "patent and unambiguous." *See State ex rel. Gilla v. Fellerhoff*, 44 Ohio St.2d 86, 87-88, 338 N.E.2d 522 (1975). We also began using that term with respect to a related exception adopted in *Gusweiler* at 329[,] namely, that the availability of an adequate remedy is immaterial when a tribunal patently and unambiguously lacks jurisdiction. *See, e.g., State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 595, 1994-Ohio-327, 629 N.E.2d 446 (1994). Over time, we have issued writs of prohibition to correct the results of unauthorized exercises of authority, notwithstanding the availability of an appeal, if the tribunal patently and unambiguously lacked jurisdiction to enter the judgment at issue. *See*, e.g., *State ex rel. V.K.B. v. Smith*, 142 Ohio St.3d 469, 2015-Ohio-2004, 32 N.E.3d 452, ¶ 8. * * *
>
> We typically will not hold that a tribunal patently and unambiguously lacked jurisdiction if the tribunal "had at least basic statutory jurisdiction to proceed." *Gusweiler* at 329. Therefore, in prohibition cases involving statutorily created tribunals of limited jurisdiction, we ordinarily ask whether the General Assembly gave the tribunal authority to proceed in the matter at issue. See, e.g., *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162, 2001-Ohio-1297, 753 N.E.2d 192 (2001); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.*, 55 Ohio St.3d 98, 100, 562 N.E.2d 1383 (1990).

{¶ 74} "The term 'jurisdiction' refers to the court's statutory or constitutional authority to hear a case." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. "The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person." *Id.* Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23.

{¶ 75} This court recently decided *State ex rel. Squire v. Phipps*, 10th Dist. No. 23AP-137, 2023-Ohio-3950, which addressed circumstances analogous to the present case and guides the decision here. In *Squire*, in addressing whether the relator was entitled to a writ of prohibition because the common pleas court patently and unambiguously lacked jurisdiction to hold certain fee hearings after voluntary dismissal under Civ.R. 41(A) due to the allegedly improper determination that there was a prevailing party, a magistrate of this court explained:

> Article IV, Section 4(B) of the Ohio Constitution confers on the courts of common pleas "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." A common pleas court is a "court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20, 21 N.E.3d 1040, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59, 29 N.E. 179 (1891). Subject to limited exceptions, R.C. 2305.01 grants the courts of common pleas subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." Because of this general grant of jurisdiction, "a court of common pleas has jurisdiction over any case in which the matter in controversy exceeds the jurisdictional limit unless some statute takes that jurisdiction away." *Ohio High Sch. Ath. Ass'n v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9, 136 N.E.3d 436. Thus, when it has been found that "a court of common pleas patently and unambiguously lacks

> jurisdiction, it is almost always because a statute explicitly removed that jurisdiction." *Id.*

*Id.* at ¶ 44.

{¶ 76} The magistrate in *Squire* then explained that it was indisputable that a common pleas court generally possesses subject-matter jurisdiction to resolve breach of contract claims and that such jurisdiction encompasses the authority to award attorney fees pursuant to a prevailing-party contractual provision. The magistrate cited case law regarding voluntary dismissals under Civ.R. 41(A) and the effect of a trial court's grant of summary judgment on such dismissals. The magistrate then noted that, although the cited case law made it clear that a court has jurisdiction to consider issues related to a prevailing party, the facts in the present case differed significantly from those cases. However, the magistrate found that "[a]lthough there may be a genuine question as to whether the common pleas court properly exercised jurisdiction in determining there was a prevailing party, this does not lead to the conclusion that the common pleas court patently and unambiguously lacks jurisdiction." *Id.* at ¶ 52, citing *Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 22 (stating that even if the trial court has misjudged these circumstances, which was a possibility not unambiguously apparent from this record, and therefore errs in permitting the two depositions ordered, subject to privilege and presumably other objections, a writ of prohibition would not lie); *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656 (1995) (stating that prohibition does not lie to prevent a merely erroneous decision by the court, and the fact that a judge may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition). The magistrate concluded that, instead, this question was resolvable through appeal, and because an appeal presents an adequate remedy at law to correct any errors in the trial court's determination, the relator could not demonstrate entitlement to the

extraordinary remedy of prohibition. *Squire* at ¶ 53, citing *State ex rel. Fraternal Order of Police, Ohio Labor Council v. Court of Common Pleas of Franklin County*, 76 Ohio St.3d 287, 289 (1996) (finding that absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal). The court overruled the relator's objections and adopted the magistrate's decision.

{¶ 77} The Second District Court of Appeals addressed similar issues in *State ex rel. Harwell v. Wiseman*, 2d. Dist. No. 26600, 2015-Ohio-4718. In *Harwell*, the court explained that whether a court patently and unambiguously lacks jurisdiction for purposes of a writ of prohibition is a question of the court's subject-matter jurisdiction. *Id.* at ¶ 9, citing *Suster,* 84 Ohio St.3d at 73 , quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 (1988) (prohibition tests and determines solely and only the subject-matter jurisdiction of the trial court). The court also noted that the Supreme Court of Ohio has acknowledged the general rule that if a trial court has general subject-matter jurisdiction, prohibition will not lie to correct or prevent an error. *Id.* citing *State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, ¶ 14, citing *Suster* at 74. The court in *Harwell* then addressed what it found was the primarily relevant issue: whether the trial court judge, as a judge of the county common pleas court, had general subject-matter jurisdiction, which is the power of a court to entertain and adjudicate a particular class of cases. The court explained that, where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present, and any subsequent error in proceeding is only error in the exercise of jurisdiction, as distinguished from the want of jurisdiction in the first instance. The court in *Harwell* concluded that the trial court had general subject-matter jurisdiction

over the case, and therefore did not patently and unambiguously lack jurisdiction to act. The court then found that whether the trial court's exercise of judicial authority was unauthorized because the trial court was divested of jurisdiction was a question the court need not resolve, given the relator had an adequate remedy at law and a viable avenue in which to raise that argument. The court noted that a party asserting the trial court's lack of jurisdiction must first argue that issue in the trial court, and then, if it loses on that issue, assign that as error in any subsequent appeal.

{¶ 78} The Ohio Supreme Court reached similar conclusions using the same analysis in *State ex rel. Dailey v. Dawson*, 149 Ohio St.3d 685, 2017-Ohio-1350. The court found in *Dailey* that a court need not expressly rule on the jurisdictional issue since the court's review is limited to whether jurisdiction is patently and unambiguously lacking. *Id.* at 688-89, ¶ 20. Thus, short of a trial court's patent and obvious lack of jurisdiction, an appeal constitutes an adequate legal remedy to raise any claimed error in a court's failure to properly determine its own jurisdiction. *Id.* at ¶ 20-21, quoting *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, ¶ 10, quoting *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, ¶ 5 (finding that, in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal). Thus, the court in *Dailey* explained, if a court has general subject-matter jurisdiction, the court can determine its own jurisdiction in the case, and if a party disagrees with his exercise of jurisdiction, the party can file a motion. *Id.* If the party disagrees with his decision on that motion, the party has an adequate remedy by way of appeal. *Id.*

**{¶ 79}** Applying the above holdings to the present case, the magistrate finds that relator has an adequate remedy at law by way of direct appeal. Clearly, the trial court had general subject-matter jurisdiction over the eminent-domain action. Common pleas courts "have such original jurisdiction over all justiciable matters * * * as may be provided by law," Ohio Constitution, Article IV, Section 4(B), and the Eminent Domain Act provides jurisdiction in appropriation cases to the court of common pleas in the "county in which the property sought to be appropriated is located." *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, ¶ 12, citing R.C. 163.01(D) and 163.05. The exception for patent and unambiguous lack of jurisdiction is not available to relator here because the trial court had general subject-matter jurisdiction over the appropriation case. Although relator raises extensive arguments and legal authority as to whether the trial court had jurisdiction to address and grant the city's February 8, 2023, motion to vacate the January 10, 2023, dismissal order and enforce the settlement agreement, and the parties vigorously dispute the applicability and interpretation of the case law on this point, the magistrate need not make this determination at this juncture to dispose of relator's complaint for writ of prohibition. As this court found in *Squire*, although there may be a genuine question as to whether the common pleas court properly exercised jurisdiction in addressing the city's motion to vacate the dismissal order and enforce the settlement agreement, this does not lead to the conclusion that the common pleas court patently and unambiguously lacked jurisdiction. Even if the trial court has misjudged these circumstances, which was a possibility not unambiguously apparent from this record, and therefore erred in addressing the motion to vacate the dismissal order and enforce the settlement agreement, a writ of prohibition does not lie, as the fact that a judge may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition. Therefore, finding that

there is no patent and unambiguous lack of jurisdiction, and the trial court had general subject-matter jurisdiction over eminent-domain cases, the trial court could determine its own jurisdiction to address the motion to vacate the dismissal, and relator's challenge to the court's jurisdiction may be resolved via direct appeal, which constitutes an adequate remedy at law. For these reasons, relator cannot demonstrate entitlement to the extraordinary remedy of prohibition, and respondents are entitled to dismissal of relator's complaint for writ of prohibition. *See generally State ex rel. Conkle v. Sadler*, 10th Dist. No. 02AP-438, 2002-Ohio-6104, ¶ 11 (declining to decide whether the court had jurisdiction over this proceeding because the analysis is restricted to determining whether respondents patently and unambiguously lack jurisdiction, and having found that respondents do not patently and unambiguously lack jurisdiction over this matter, the extraordinary writ of prohibition cannot lie, because the relators have an adequate remedy at law to raise their jurisdictional claims).

{¶ 80} Accordingly, the magistrate recommends that this court grant respondents' motions to dismiss relator's complaint for writ of prohibition. In addition, given this determination, we deny relator's December 6, 2023, motions for TRO and preliminary injunction.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the

magistrate's decision within fourteen days of the filing of the decision.