[Cite as *State ex rel. Allah-U-Akbar v. Schroeder*, 2024-Ohio-6118.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO ex rel.
ALLAH-U-AKBAR,

        Relator,

    - vs -

DAVID A. SCHROEDER,

        Respondent.

**CASE NO. 2024-A-0076**

Original Action for Prohibition and Mandamus

---

**PER CURIAM**
**OPINION**

Decided: December 31, 2024
Judgment: Petition dismissed

---

*Malik Allah-U-Akbar*, pro se, Ashtabula County Jail, 25 West Jefferson Street, Jefferson, OH 44047 (Relator).

*Coleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on a "Petition Writ of Prohibition and Mandamus" filed by relator, Odraye Jones aka Malik Allah-U-Akbar ("Jones"). Jones has filed against respondent, Ashtabula County Court of Common Pleas Judge, David A. Schroeder ("Judge Schroeder"). Jones seeks writs to preclude the trial court from proceeding with his sentencing hearing in his pending criminal case.

{¶2} Judge Schroeder filed a motion to dismiss on November 4, 2024. Jones filed a response to the motion to dismiss and motion to strike "facts" on November 25,

2024. Judge Schroeder filed a reply on December 10, 2024. After reviewing the pleadings, Judge Schroeder's motion to dismiss is granted and Jones's petition is accordingly dismissed in its entirety.

**Substantive and Procedural Facts**

{¶3} Jones is currently incarcerated at the Ashtabula County Jail arising from his conviction of aggravated murder with prior calculation and design. He was convicted on May 26, 1998, and the case proceeded to the penalty phase. The jury recommended that he be sentenced to death. The trial court agreed and sentenced Jones to death and imposed a three-year mandatory term of imprisonment on the firearm specification. *State v. Jones*, 91 Ohio St.3d 335, 337 (2001). Jones appealed to the Supreme Court of Ohio. The Supreme Court of Ohio affirmed the judgment of the trial court, including Jones's convictions, and upheld the sentence of death. *Id.* at 358.[1] Jones sought post-conviction relief, which was denied by the trial court without hearing. This Court affirmed the trial court's denial of Jones's post-conviction petition in *State v. Jones,* 2002-Ohio-2074 (11th Dist.). The Supreme Court of Ohio declined to accept jurisdiction. *09/11/2002 Case Announcements,* 2002-Ohio-4534.

{¶4} On August 22, 2022, the Sixth Circuit Court of Appeals granted Jones a conditional writ of habeas corpus. The Sixth Circuit remanded the case "to the district court with instructions to issue a writ of habeas corpus vacating Jones's death sentence unless the State of Ohio conducts a new penalty-phase proceeding within 180 days of

---

1. Jones sought to reopen his direct appeal in 2024. The Supreme Court of Ohio denied Jones's application for reopening on July 23, 2024. *07/23/2024 Case Announcements,* 2024-Ohio-2718.

2

remand." *Jones v. Bradshaw*, 46 F.4th 459, 487-89 (6th Cir. 2022). The State did not conduct the new sentencing hearing within the mandated period.

{¶5} Jones then sought an unconditional writ due to the State's failure to comply with the conditional writ. The federal district court granted "Jones' motion to issue an unconditional writ of habeas corpus and ordering Jones' release from state prison within five business days of the date of the Order, but den[ied] his request to bar retrial and allowing Jones' subsequent arrest and resentencing." *Jones v. Bradshaw,* 2024 WL 3161944, *1 (N.D.Ohio June 24, 2024). Jones was transferred into the custody of the Ashtabula County Jail upon his rearrest.

{¶6} Jones subsequently filed an appeal to this court in Case No. 2024-A-0028. While that appeal was pending, the trial court granted the State's motion to vacate Jones's original sentence and formally vacated the sentence on May 29, 2024. Jones then filed a second appeal to this Cout in Case No. 2024-A-0056. Jones also unsuccessfully sought to reopen his direct appeal in the Supreme Court of Ohio. *See* 07/23/2024 Case Announcements, 2024-Ohio-2718.

{¶7} Despite Jones's assertions to the contrary, Jones remains convicted of aggravated murder. The purpose of the Sixth Circuit's limited remand to the trial court is for the trial court to conduct a new penalty phase of the proceedings and sentence Jones accordingly.

### Jones's Complaint

{¶8} In the instant petition, Jones alleges the following:

{¶9} [1.] "The 'trial court' lacks jurisdiction to conduct criminal proceedings based upon a repealed statute."

3

Case No. 2024-A-0076

{¶10} [2.] "The 'trial court' lacks jurisdiction to impose a sentence based on an 'offense' that was dismissed June 9, 1988."

{¶11} [3.] "The court lacks jurisdiction to conduct sentencing on 'facts' not found by a jury, which are elements necessary to increase the seriousness of the offense."

{¶12} Specifically, Jones's petition seeks an order prohibiting the trial court from conducting the resentencing hearing.

{¶13} "To be entitled to a writ of prohibition, a relator usually must establish by clear and convincing evidence (1) that the respondent is about to exercise judicial or quasi-judicial power without authority, (2) that the exercise of that power is unauthorized by law, and (3) that the relator has no adequate remedy in the ordinary course of the law." *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 20 citing *State ex rel. Sliwinski v. Burnham Unruh*, 2008-Ohio-1734, ¶ 7; *State ex rel. Evans v. McGrath*, 2018-Ohio-3018, ¶ 4. The existence of an adequate remedy at law precludes relief in prohibition. *State ex rel. Invesco Mgmt Co. L.L.C. v. Geauga Cty. Court of Common Pleas*, 2012-Ohio-4651, ¶ 9 (11th Dist.). "[A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy at law by way of a post-judgment appeal." *Id.* at ¶ 10, quoting *State ex rel. Bandarapalli v. Gallagher*, 2010-Ohio-3886, at *1 (8th Dist.).

{¶14} Similarly, to be entitled to a writ of mandamus, the relator must be able to satisfy the following three elements: "(1) the relator must have a clear legal right to have the public official perform a particular act; (2) the official must have a clear legal duty to do the act; and (3) the relator does not have another adequate remedy at law." *State ex*

4

*rel. Brown v. Logan*, 2004-Ohio-6951, ¶ 4 (11th Dist.), citing *State ex rel. Greene v. Enright*, 63 Ohio St.3d 729 (1992). Mandamus will not issue where the relator has a plain and adequate remedy at law. *State ex rel. Cioffi v. Stuard*, 2011-Ohio-5707, ¶ 17 (11th Dist.), quoting *State ex rel. Bd. of Edn. of Middletown City School Dist. v. Butler Cty. Budget Comm.*, 31 Ohio St.3d 251, 252 (1987). *See also* S*tate ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶15} Appellant claims that defects exist in the indictment, that his rearrest was illegal, and that statutory provisions in effect at the time he was convicted have been repealed. He seeks vacation of his convictions based on the trial court's lack of jurisdiction. Jones argues that Judge Schroeder lacks the authority to conduct new penalty phase proceedings and to sentence him accordingly.

{¶16} As noted above, since his initial conviction in 1998, Jones has litigated his convictions throughout the state and federal courts. His convictions have been consistently affirmed. Despite the vacation of his sentence, Jones remains convicted. The Sixth Circuit's remand is limited in scope and requires that the trial court conduct a new penalty phase of the proceeding and to resentence Jones. Upon resentencing, Jones has an adequate remedy at law by way of appeal wherein he can raise any claim arising from his resentencing. Therefore, Jones is not entitled to a writ of prohibition or a writ of mandamus. Thus, in accordance with Civ.R. 12(B)(6), the claims for writ of prohibition are dismissed for failure to state a claim on which relief can be granted.

5

{¶17} Accordingly, all of Jones's claims are hereby dismissed and the petition is dismissed in its entirety. All costs adjudged against Jones in accordance with R.C. 2731.12.

EUGENE A. LUCCI, P.J., MATT LYNCH, J., ROBERT J. PATTON, J., concur.

Case No. 2024-A-0076