[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allah-U-Akbar v. Schroeder*, "Slip Opinion" No. 2025-Ohio-5003.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5003

THE STATE EX REL. ALLAH-U-AKBAR, APPELLANT, *v.* SCHROEDER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allah-U-Akbar v. Schroeder*, "Slip Opinion" No. 2025-Ohio-5003.]

*Prohibition—Mandamus—Inmate alleging defects in indictment and verdict form has or had an adequate remedy in ordinary course of law through appeal of his conviction and death sentence, and he failed to show that common-pleas-court judge patently and unambiguously lacks jurisdiction to conduct further proceedings in his criminal case—Court of appeals' judgment granting common-pleas-court judge's motion to dismiss inmate's petition affirmed.*

(No. 2025-0217—Submitted July 8, 2025—Decided November 5, 2025.)

APPEAL from the Court of Appeals for Ashtabula County,
No. 2024-A-0076, 2024-Ohio-6118.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, AND SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Odraye Jones, now known as Malik Allah-U-Akbar,[1] was convicted of aggravated murder and sentenced to death in the Ashtabula County Court of Common Pleas in 1998. After this court affirmed Jones's conviction and death sentence on direct appeal, he sought a writ of habeas corpus in federal court. In 2022, a federal court affirmed his conviction but reversed his death sentence and ordered that it be vacated unless a new sentencing hearing was held. After the new sentencing hearing was scheduled to be held before appellee, Ashtabula County Court of Common Pleas Judge David A. Schroeder, Jones filed a petition in the Eleventh District Court of Appeals, seeking writs of prohibition and mandamus and generally arguing that the judge lacks jurisdiction to hold the hearing and resentence him. Judge Schroeder filed a motion to dismiss, which the Eleventh District granted. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Background

{¶ 2} In 1997, Jones shot and killed a police officer. *State v. Jones*, 2001-Ohio-57, ¶ 2-8. The State indicted Jones on one count of aggravated murder, in violation of R.C. 2903.01(A), with three death-penalty specifications. *See id.* at ¶ 7. A jury found him guilty as charged and recommended that the trial court impose the death sentence. *Id.* at ¶ 8. The trial court sentenced Jones to death. *Id.* On direct appeal, this court affirmed the conviction and the death sentence. *Id.* at ¶ 96.

---

1. The Eleventh District Court of Appeals' opinion below refers to appellant as Jones. For the sake of consistency, we do so as well in this opinion.

{¶ 3} Thereafter, Jones sought habeas corpus relief in federal court. In 2022, the United States Court of Appeals for the Sixth Circuit affirmed Jones's conviction but reversed his death sentence, holding that he received ineffective assistance of counsel during the penalty phase of his trial. *Jones v. Bradshaw*, 46 F.4th 459, 464 (6th Cir. 2022). The Sixth Circuit remanded the case to the district court "with instructions to issue a writ of habeas corpus vacating Jones's death sentence unless the State of Ohio conducts a new penalty-phase proceeding within 180 days of remand." *Id.* at 489.

{¶ 4} After the State failed to timely resentence Jones, the district court ordered the State to vacate his death sentence and release him from custody within five business days, while clarifying that his conviction remained valid and that the State was not prohibited from rearresting and resentencing him. *See Jones v. Bradshaw*, 2024 WL 895153, *6, 11, 9 (N.D.Ohio Feb. 29, 2024). The State then rearrested Jones under the original indictment and committed him to the Ashtabula County Jail pending resentencing. In May 2024, Judge Schroeder vacated Jones's death sentence and scheduled a new sentencing hearing.

{¶ 5} In the meantime, Jones moved the district court for relief from judgment under Fed.R.Civ.P. 60(B), asking the court to reconsider its determination that the State was not prohibited from rearresting and resentencing him. *Jones v. Bradshaw*, 2024 WL 3161944, *1 (N.D.Ohio June 24, 2024). The court denied the motion, specifying that the writ at issue related "only to Jones' sentencing, not to his conviction." *Id.* at *5.

### B. Jones's petition for writs of prohibition and mandamus

{¶ 6} In September 2024, Jones filed his petition for writs of prohibition and mandamus in the Eleventh District Court of Appeals. He argued that Judge Schroeder "lacks jurisdiction to conduct any proceedings" and requested that this court "enter a judgment of acquittal and/or order [Judge Schroeder] to enter a judgment of acquittal and/or dismiss the case for lack of jurisdiction."

**{¶ 7}** Judge Schroeder filed a motion to dismiss, which the Eleventh District granted under Civ.R. 12(B)(6). 2024-Ohio-6118, ¶ 2, 16 (11th Dist.). The Eleventh District held that "[d]espite the vacation of his sentence, Jones remains convicted" and that "[u]pon resentencing, Jones has an adequate remedy at law by way of appeal wherein he can raise any claim arising from his resentencing." *Id.* at ¶ 16.

**{¶ 8}** Jones has appealed to this court as of right.

## II. LEGAL ANALYSIS

### A. Motions

**{¶ 9}** We first address four motions Jones filed after the close of briefing.

**{¶ 10}** First, on July 11, 2025, Jones filed a motion asking us to take judicial notice of a decision of the United States Supreme Court: *Hewitt v. United States*, 605 U.S. __, 145 S.Ct. 2165 (2025). *Hewitt* was issued after Jones filed his merit brief in this case. Although Jones brings the case to our attention in a motion for judicial notice, under S.Ct.Prac.R. 16.08, a party may file a citation to authority that is issued after the deadline for that party's merit brief. We treat Jones's motion as such a citation and grant the motion.

**{¶ 11}** Second, on July 11, Jones also filed a motion asking us to sanction Judge Schroeder and strike the judge's merit brief. In his motion, he argues that Judge Schroeder's arguments are frivolous and dishonest and were not made in good faith. But in substance, Jones's motion appears to be an attempt to file a supplemental brief on the merits. Supplemental briefing is generally not permitted, *see* S.Ct.Prac.R. 16.08, and the arguments made in Judge Schroeder's brief are not frivolous or otherwise sanctionable, *see* S.Ct.Prac.R. 4.03(A). We therefore deny the motion.

**{¶ 12}** Third, on September 8, Jones filed an additional motion for judicial notice. In the motion, Jones appears to challenge Judge Schroeder's jurisdiction in connection with Jones's rearrest for his aggravated-murder conviction. In addition, Jones appears to argue that he has been deprived of his speedy-trial rights. "Evid.R.

201 allows a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute." *State ex rel. Macksyn v. Spencer*, 2025-Ohio-2116, ¶ 16. Jones is not asking us to take notice of such a fact; rather, he is making additional substantive arguments. We therefore deny the motion.

{¶ 13} Finally, on October 20, Jones filed a motion to stay the underlying proceedings. We deny the motion to stay.

### B. Standard of Review

{¶ 14} "This court reviews a dismissal under Civ.R. 12(B)(6) de novo." *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 10. "A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted, 'if, after all factual allegations of the complaint are presumed true and all inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the' requested relief." *State ex rel. Gideon v. Page*, 2024-Ohio-4867, ¶ 11, quoting *State ex rel. Russell v. Thornton*, 2006-Ohio-5898, ¶ 9.

### C. Prohibition

{¶ 15} Jones seeks a writ of prohibition, arguing that Judge Schroeder lacks jurisdiction to conduct further proceedings in his criminal case. To state a claim for a writ of prohibition, Jones must allege that (1) Judge Schroeder has exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *Gideon* at ¶ 12. However, if Judge Schroeder patently and unambiguously lacks jurisdiction, Jones need not establish the lack of an adequate remedy in the ordinary course of the law. *Id.*

{¶ 16} Here, Judge Schroeder is exercising judicial power in Jones's criminal case, and Jones asserts three reasons—each discussed separately below—why the judge lacks jurisdiction to do so. First, Jones alleges that the statute providing for one of the death-penalty specifications of which he was convicted had been repealed at the time of his indictment, and he argues that Judge Schroeder

lacks jurisdiction to conduct criminal proceedings related to the statute. Second, Jones argues that his aggravated-murder charge and conviction depended on predicate aggravated-robbery charges that the State dismissed before he was sentenced to death. Third, he argues that the jury's verdict form indicates that the jury never found the elements necessary to support his conviction for aggravated murder; therefore, he argues, under R.C. 2945.75(A)(2), he should have been sentenced for involuntary manslaughter.

{¶ 17} Jones has or had an adequate remedy in the ordinary course of the law in that he could have raised any arguments challenging his aggravated-murder conviction in his direct appeal from his conviction. And he can raise any arguments challenging his new sentence on appeal from that sentence. *See* R.C. 2929.05(A); *see also, e.g.*, *State v. Roberts*, 2017-Ohio-2998 (deciding appeal after resentencing in capital case); *State v. Ketterer*, 2014-Ohio-3973 (same). Both opportunities for appeal constitute adequate remedies in the ordinary course of the law sufficient to defeat a petition for an extraordinary writ. *See State ex rel. Kerr v. Pollex*, 2020-Ohio-411, ¶ 8 (noting that an appeal from a criminal conviction constituted an adequate remedy at law); *State ex rel. White v. Woods*, 2019-Ohio-1893, ¶ 8 (noting that an appeal from a resentencing entry constituted an adequate remedy at law).

{¶ 18} To state a claim for prohibition, because Jones has or had an adequate remedy in the ordinary course of the law through appeal, he must show that Judge Schroeder patently and unambiguously lacks jurisdiction over his criminal case. For the reasons explained below, we conclude that he has failed to do so.

### 1. "Repealed" statute

{¶ 19} Jones first argues that the statute providing for two death-penalty specifications listed in his indictment and the jury's verdict form had been repealed by the time of his indictment. Jones shot his victim on November 17, 1997, and was indicted for aggravated murder in violation of R.C. 2903.01(A) on November

6

25, 1997. Two of the death-penalty specifications charged in the indictment stated that Jones violated R.C. 2929.04(A)(6). Prior to September 16, 1997, R.C. 2929.04(A)(6) allowed the death penalty to be imposed on a defendant charged with and convicted of killing a "peace officer" under certain specified circumstances. Am.S.B. No. 32, 147 Ohio Laws, Part III, 6273, 6275 (effective Aug. 6, 1997). Effective September 16, 1997, the General Assembly changed the term "peace officer" to "law enforcement officer" in the statute. Sub.H.B. No. 151, 147 Ohio Laws, Part I, 455, 463. The Ohio Constitution provides that when an act amends one or more sections of the Revised Code, "the section or sections amended shall be repealed." Ohio Const., art. II, § 15(D). Thus, the bill stated that R.C. 2929.04 was "amended," Sub.H.B. No. 151, 147 Ohio Laws, Part I, at 455, and that the existing section was "repealed," *id.* at Section 2, at 478.

{¶ 20} Noting that his indictment contained the words "peace officer" rather than "law enforcement officer" in charging the two specifications under R.C. 2929.04(A)(6), Jones appears to be arguing that the trial court lacked jurisdiction to convict him of the specifications because the version of the statute containing "peace officer" had been repealed by the time of his indictment. Jones also alleges that the elements of the specification that were identified in the jury's verdict form reflected the earlier version of the specification, although he did not attach the jury-verdict form to his petition in support of this allegation.

{¶ 21} Although Jones claims that he was indicted and convicted under a repealed statute, R.C. 2929.04(A)(6) existed when he killed the officer, when he was indicted for that offense, and when he was convicted of it. The language of the indictment did not exactly replicate the language of the statute in existence at that time, but "'alleged defects in an indictment do not deprive a trial court of jurisdiction,'" *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 18, quoting *State ex rel. Martre v. Watson*, 2023-Ohio-749, ¶ 11. Therefore, "[e]xtraordinary relief in prohibition is not available to attack the validity of an indictment." *Id.*; *see also*

*State ex rel. Nelson v. Griffin*, 2004-Ohio-4754, ¶ 6. Similarly, an error in the verdict form would not patently and unambiguously deprive the trial court of jurisdiction. *See State ex rel. Dodson v. Smith*, 2025-Oho-1878, ¶ 24-25 (error in jury's verdict form did not deprive trial court of jurisdiction over the case). Jones could have raised these alleged defects in the indictment and verdict form in his direct appeal of his conviction and death sentence. *See Martre* at ¶ 18; *Dodson* at ¶ 27.

### 2. Dismissal of the aggravated-robbery charges

{¶ 22} One of the death-penalty specifications of which Jones was convicted alleged that he committed aggravated murder "for the purpose of escaping detection, apprehension, trial, or punishment of another offense committed by the defendant, to wit[:] aggravated robbery, an aggravating circumstance as specified in Section 2929.04(A)(3) of the Ohio Revised Code." Jones stated in his petition that he was originally indicted for the aggravated robbery mentioned in the specification but that the State dismissed the aggravated-robbery charge shortly before he was sentenced to death. He argues that because the State dismissed the aggravated-robbery charge, the trial court lacked jurisdiction to convict him of aggravated murder. In support of this argument, Jones cites a decision of this court noting that "'[w]hen a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed * * *, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction.'" (Ellipsis in original.) *State ex rel. Douglas v. Burlew*, 2005-Ohio-4382, ¶ 14, quoting *State ex rel. Hunt v. Thompson*, 63 Ohio St.3d 182, 183 (1992).

{¶ 23} The exhibits Jones attached to his petition indicate that the premise of his argument—that the aggravated-robbery charge was dismissed shortly before Jones was sentenced to death—is untrue. Rather, it appears that the trial court dismissed the aggravated-robbery charge several hours *after* Jones was sentenced

to death. But regardless of whether the court dismissed the aggravated-robbery charge shortly before or after Jones was sentenced to death, such a dismissal would not deprive the trial court of jurisdiction to convict Jones of aggravated murder. In his capital case, Jones was charged with and convicted of aggravated murder, not aggravated robbery, and the aggravated-murder charge was not dismissed. Although Jones also argues that the State's dismissal of the aggravated-robbery charge establishes that he lacks criminal liability for the aggravated-robbery offense that was the basis for the death-penalty specification, even if the dismissal did indicate a lack of criminal liability, this would go to the question whether Jones was guilty of the specification, not the trial court's jurisdiction over the specification or the aggravated-murder charge. *See Cornell v. Schotten*, 1994-Ohio-74, ¶ 4 (sufficiency-of-evidence claims are not jurisdictional in nature). Jones could have raised the impact of the dismissal of the aggravated-robbery charge on direct appeal of his aggravated-murder conviction. Moreover, to the extent that Jones is arguing that he must be indicted for and convicted of aggravated robbery as a predicate offense to the death-penalty specification, "there is no requirement that the state charge the defendant with the predicate offense as a separate count in the indictment," *State ex rel. Myles v. Goering*, 2023-Ohio-483, ¶ 9.

### 3. Jury's verdict form

{¶ 24} R.C. 2945.75(A)(2) provides: "When the presence of one or more additional elements makes an offense one of more serious degree, a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Jones claims that the verdict from that the jury completed in finding him guilty of aggravated murder did not state the elements of that offense. Therefore—he argues, citing R.C. 2945.75(A)(2)—the trial court could only convict him of and sentence him for involuntary manslaughter, a lesser included offense of aggravated murder.

*See State v. Thomas*, 40 Ohio St.3d 213 (1988), paragraph one of the syllabus (involuntary manslaughter is a lesser included offense of aggravated murder).

{¶ 25} Although Jones did not attach the jury's verdict form to his petition, on review of the Eleventh District's decision granting appellee's motion to dismiss, we accept as true the factual allegations in the petition. *See Lunsford v. Sterilite of Ohio, L.L.C.*, 2020-Ohio-4193, ¶ 22. But even if Jones could show that his aggravated-murder conviction violates R.C. 2945.75(A), "such a violation would not . . . deprive the trial court of subject-matter jurisdiction," *State ex rel. King v. Watson*, 2023-Ohio-4189, ¶ 18. Jones could have raised his verdict's compliance with R.C. 2945.75(A) on direct appeal. *See, e.g.*, *State v. Mays*, 2024-Ohio-4616 (direct appeal from conviction based on verdict-form challenge under R.C. 2945.75(A)); *State v. McDonald*, 2013-Ohio-5042 (same).

### D. Mandamus

{¶ 26} Jones also seeks a writ of mandamus. To demonstrate entitlement to a writ of mandamus, he must establish three elements: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Schroeder to grant that relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cherry v. Breaux*, 2022-Ohio-1885, ¶ 8. Jones does not clearly distinguish between the mandamus relief and the prohibition relief he seeks, and much of his petition seeks to prevent Judge Schroeder from acting. "[A] complaint that seeks to prevent, rather than compel, an action is not proper for mandamus." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 11. Although Jones did ask in his petition that Judge Schroeder be ordered to "enter a judgment of acquittal" because the judge "lacks jurisdiction to conduct any proceedings," even if such an order would be obtainable in mandamus—as explained in the prohibition analysis above—none of Jones's claims implicate Judge Schroeder's jurisdiction. Moreover, Jones had an adequate remedy in the ordinary course of the law by bringing his claims on direct appeal from his conviction, and he will have

such a remedy in the form of an appeal from his new sentence. Jones has not stated a claim entitling him to a writ of mandamus.

### III. CONCLUSION

{¶ 27} Jones has not shown that Judge Schroeder patently and unambiguously lacks jurisdiction to conduct further proceedings in his criminal case. In addition, Jones had an adequate remedy in the ordinary course of the law to challenge his conviction, and he will have such a remedy in the form of an appeal from his new sentence. Therefore, he has not stated a claim for a writ of prohibition or a writ of mandamus. Accordingly, we affirm the Eleventh District Court of Appeals' judgment granting Judge Schroeder's motion to dismiss Jones's petition. We also grant Jones's motion for judicial notice filed on July 11, 2025, deny his motion for sanctions and to strike Judge Schroeder's merit brief, deny his motion for judicial notice filed on September 8, 2025, and deny his motion for a stay of the underlying proceedings.

Judgment affirmed.

_____

Malik Allah-U-Akbar, pro se.

Dave Yost, Attorney General, and Andrea K. Boyd, Assistant Attorney General, for appellee.

_____